Anthony Dwayne BINGHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 891–92.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 21, 1994.

Scott Lemke, McKinney, for appellant.

Tom O'Connell, Dist. Atty., and David Waddill, Asst. Dist. Atty., McKinney, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge.

Appellant was convicted of arson and his punishment assessed at confinement in the penitentiary for 15 years and a fine of $1,000.00. The Court of Appeals reversed, holding that the trial judge erred not to instruct the jury that "testimony of an accomplice" must be "corroborated by other evidence tending to connect the defendant with the offense committed[.]" Tex.Code Crim.Proc. art. 38.14. *Bingham v. State,* 833 S.W.2d 538 (Tex.App.—Dallas 1992). We granted the State's petition for discretionary review to consider whether the out-of-court declaration of an accomplice, repeated in court by a nonaccomplice witness under an exception to the hearsay rule, may be the "testimony of an accomplice" within the meaning of article 38.14. Tex.R.App.Proc. 200(c)(2). We hold that it may.

During trial, the State elicited testimony from a criminal investigator for the McKinney Police Department, who opined that the

fire which destroyed appellant's trailer home was the product of arson. The officer also testified that, during his investigation of the incident, he questioned appellant's wife at his office and was told by her that she and appellant had planned to burn the trailer for some time before appellant actually set fire to it. Over appellant's hearsay objection, this testimony was received as a declaration against interest under Rule 803(24) of the Texas Rules of Criminal Evidence. It is conceded by all that appellant's wife was an accomplice to the arson for which he was convicted in this cause.

Before submission of the case for jury consideration, appellant requested that the court's charge include an instruction to the effect that his wife was an accomplice and that the jury might not convict him based upon declarations she made to the criminal investigator unless corroborated by other evidence tending to connect him with the offense. Tex.Code Crim.Proc. art. 38.14. The trial judge refused this instruction, a ruling which the State defends upon the ground that appellant's wife did not give "testimony" within the meaning of article 38.14 because she did not testify under oath in court. The Dallas Court of Appeals disagreed, holding that the instruction should have been given because, to hold otherwise, would permit the State "to do indirectly that which it cannot do directly." *Bingham,* 833 S.W.2d at 544. In light of the State's argument, we interpret this holding to be that the extrajudicial declarations of appellant's wife were tantamount to "testimony" under article 38.14.

■ In ordinary parlance, "testimony" means "evidence based on observation or knowledge." *The New Merriam–Webster Dictionary,* p. 741 (1989). Such evidence need not necessarily be given in court or under oath. People testify when they bear witness, when they tell · others what they have seen, heard, or experienced personally. It doesn't really matter where or when they do it. It is what they do that matters. Even in a legal context, we don't normally consider it redundant to speak of "sworn testimony," "testimony under oath," or "testimony in open court." *E.g.,* Tex.Code Crim.Proc. arts. 18.20 § 7(c), 20.17(c)(1), 38.071 § 4(b)(5);

Tex.Gov't Code § 301.022; Tex.Rev.Civ.Stat. Ann. arts. 911a § 12, 1446c § 26(c)(2); *McFarland v. State,* 845 S.W.2d 824, 845 (Tex.Crim.App.1992); *Hightower v. State,* 822 S.W.2d 48, 53 (Tex.Crim.App.1991); *Duggan v. State,* 778 S.W.2d 465, 467 (Tex. Crim.App.1989).

Accordingly, the plain meaning of "testimony" does broadly include at least some out-of-court statements not made under oath. Of course, we all know that the most common ordinary definition of "testimony" is "a solemn declaration made by a witness under oath esp. in a court." *The New Merriam– Webster Dictionary,* p. 741 (1989). But that is really just a more specific, and a more familiar, example of the general definition.

■ Because "[a]ll words, phrases and terms used in th[e] Code [of Criminal Procedure] are to be taken and understood in their usual acceptation in common language, except where specially defined[,]" courts should not be involved in the business of redefining words used in an ordinary sense by the Texas Legislature. Tex.Code Crim.Proc. art. 3.01. *See also* Tex.Penal Code § 1.05(b); Tex.Gov't Code Ann. § 311.011. Rather, when read in context, such words should be open to the broadest possible understanding to which they are reasonably susceptible in the English language. *Vernon v. State,* 841 S.W.2d 407, 409–10 (Tex.Crim.App.1992).

In the present context, it is apparent that a reasonably competent speaker of the English language, without violating any rules of semantics or customs of usage in the English language, could very well have understood the word "testimony," as it is used in article 38.14, to include the out-of-court statements of codefendants made to third parties. Given that such a reading of the statute, and therefore of any jury instruction based upon it, is consistent with "usual acceptation in common language," it is not permissible for this Court to impose a different, and narrower, interpretation under the guise of statutory construction.

For this reason, the Dallas Court of Appeals did not err to hold that an accomplice witness instruction should have been given at appellant's request, that appellant's convic-

tion should be reversed, and that the cause should be remanded to the trial court. The judgment of the Court of Appeals is, therefore, affirmed.

WHITE, J., not participating.

BAIRD, Judge, concurring.

This case turns upon how broadly we interpret Tex.Code Crim.Proc.Ann. art. 38.14. I agree with the majority that "testimony," as used in art. 38.14, includes the out-of-court statements of an accomplice. In my view, an interpretation of art. 38.14 which limited accomplice testimony to sworn, in-court testimony, would lead to an absurd result in violation of *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Cr.App.1991).

### I.

A brief recitation of the facts is necessary. Peggy McCallum testified that appellant and his wife, Tammy Bingham, stated they planned to burn their trailer home in order to collect insurance proceeds. McCallum asked to exchange refrigerators with appellant and Tammy before the fire and the refrigerators were exchanged. The trailer home was later destroyed by fire.

Misty Edwards testified that shortly before the fire Tammy stated "they were going to burn down the trailer to get the insurance money out of it." At that time, Edwards noticed that appellant and Tammy had a different refrigerator.

Paul Raleeh, of the McKinney Police Department, conducted an arson investigation, in the course which he interviewed Tammy. Over appellant's objection, Raleeh testified that Tammy admitted she and appellant

1. As the majority notes, Tammy's statement was admitted as a statement against interest under Tex.R.Crim.Evid. 803(24). Majority op. pg. 10. The admission of this statement is questionable under *Cofield v. State*, 891 S.W.2d 952, 954–955 (Tex.Cr.App.1994). However, the Court of Appeals did not address this issue and it is not before us.

2. Tex.Code Crim.Proc.Ann. art. 38.14 provides:

    A conviction cannot be had upon the testimony of an accomplice unless corroborated by

planned the fire, but that appellant actually set the fire.[1]

The court's charge permitted the jury to determine whether McCallum was an accomplice. Appellant requested two additional instructions: First, that because Tammy was an accomplice her statements required corroboration before the jury could convict; and, second, that because Tammy was an accomplice her statements could not be used to corroborate McCallum's testimony. The trial judge denied the requested instructions.

### II.

The Court of Appeals conducted an extensive analysis of art. 38.14, and our case law concerning accomplice witnesses.[2] The Court held Tammy was an accomplice witness, that her out-of-court statements required corroboration under art. 38.14 and, therefore, the trial judge erred in refusing appellant's requested instruction that a conviction could not be had upon Tammy's statements alone.[3] The Court stated:

> ... The State's most incriminating evidence against appellant was McCallum's testimony and [Tammy's] statements as related through testifying witnesses. The charge impermissibly allowed the jury to convict on the uncorroborated evidence of accomplices.

*Bingham v. State*, 833 S.W.2d 538, 545 (Tex. App.—Dallas 1992).

The Court of Appeals also considered appellant's second requested instruction, namely, that the jury could not use Tammy's statements to corroborate McCallum's testimony. Recognizing that one accomplice may not corroborate the testimony of another, the Court held:

> other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

3. This holding is the basis for the State's ground for review which states:

    The Court of Appeals erred in finding the out-of-court statements of an unavailable witness as constituting testimony of an accomplice which required an accomplice corroboration instruction to the jury.

... If the jury decided McCallum was an accomplice, then it could have used [Tammy's] out-of-court statements to corroborate McCallum's testimony. If both [Tammy] and McCallum were accomplices ... the trial court's failure to instruct the jury that one accomplice could not corroborate the other resulted in some harm.

*Id.*, 833 S.W.2d at 544.

Consequently, appellant's conviction was reversed for two separate reasons.[4]

### III.

Our interpretation of a statute must serve to effectuate the legislative intent underlying the statute's enactment. *Ex parte Groves*, 571 S.W.2d 888, 893 (Tex.Cr.App.1978); *and*, *Dillehey v. State*, 815 S.W.2d 623, 625 (Tex. Cr.App.1991). To do so, we first focus on the literal text of the statute. *Boykin*, 818 S.W.2d at 785. If a literal application of the statute will not lead to an absurd result, we give effect to that language. *Id.* at 785–786. However, if a literal application of the plain language of a statute leads to an absurd result, we look beyond the statute to its subject matter, reason and effect, and adopt a construction which will promote the purposes for which the legislation was passed. *Faulk v. State*, 608 S.W.2d 625, 631 (Tex.Cr. App.1980); *and*, *Newsom v. State*, 372 S.W.2d 681 (Tex.Cr.App.1963). The State contends only in-court testimony by an accomplice requires corroboration. However, for the following reasons, I believe such a limited interpretation of art. 38.14 would lead to an absurd result and conflict with established precedent.

An accomplice is one who participates with another before, during, or after the commission of a crime. *Gamez v. State*, 737 S.W.2d 315, 322 (Tex.Cr.App.1987); *Creel v. State*,

754 S.W.2d 205, 213 (Tex.Cr.App.1987); *Harris v. State*, 645 S.W.2d 447 (Tex.Cr.App. 1983); *Russell v. State*, 598 S.W.2d 238, 249 (Tex.Cr.App.1980); *and*, *Villarreal v. State*, 576 S.W.2d 51 (Tex.Cr.App.1978). If the witness may be prosecuted for the offense with which the defendant is charged, the witness is an accomplice. *Gamez*, 737 S.W.2d at 322. And if a witness implicates herself in the same offense for which the defendant is charged, the witness is an accomplice. *Kerns v. State*, 550 S.W.2d 91, 94 (Tex.Cr. App.1977); *and*, *Gonzales v. State*, 766 S.W.2d 395, 398 (Tex.App.—Austin 1989). Accomplice testimony alone will not support a conviction. *Cast v. State*, 164 Tex.Crim. 3, 296 S.W.2d 269 (1956). Art. 38.14 requires corroboration of the accomplice testimony "by other evidence tending to connect the defendant with the offense committed" and one accomplice cannot corroborate another. *Goodwin v. State*, 165 Tex.Crim. 375, 307 S.W.2d 264, 267 (1957).[5]

An interpretation of art. 38.14 which limited accomplice testimony to in-court testimony would produce the absurd result of permitting a conviction based on accomplice evidence alone. As the Court of Appeals noted:

Failure to instruct the jury on the accomplice witness rule allows the State to call a third party to testify to the accomplice's statements and avoid the need of corroborating testimony. Such a practice permits the State to do indirectly that which it cannot do directly.

*Bingham*, 833 S.W.2d at 543–544.

Accomplice evidence is inherently unreliable and corroboration should be required regardless of how the evidence comes to be admitted. Tammy's out-of-court statements are no more reliable than McCallum's in-

---

4. Although the correctness of the second reason for the reversal is not before us, I pause to note that the Court of Appeals was correct in its resolution. In *Aston v. State*, 656 S.W.2d 453, 454 (Tex.Cr.App.1983), we held:

... if one witness is an accomplice as a matter of law and the jury could find another witness to be an accomplice, the trial court must submit an instruction to the jury that one accomplice cannot corroborate another accomplice.

5. To determine whether an accomplice's testimony is corroborated we eliminate all accomplice evidence from the record and determine whether other inculpatory facts and circumstances in evidence tend to connect appellant to the offense. *Munoz v. State*, 853 S.W.2d 558, 559 (Tex.Cr. App.1993); *Infante v. State*, 612 S.W.2d 603 (Tex. Cr.App.1981); *Graham v. State*, 643 S.W.2d 920, 924 (Tex.Cr.App.1981); *Hardesty v. State*, 656 S.W.2d 73 (Tex.Cr.App.1983); *and*, *Gosch v. State*, 829 S.W.2d 775, 777 (Tex.Cr.App.1991).

court testimony. Both must be viewed with suspicion because they arise from a *corrupt source.* Certainly, McCallum had no more motive to make untrue statements during her in-court testimony than Tammy had when being interviewed by Raleeh. As the Court of Appeals noted, a third party relating an accomplice's statement does not add credibility to that statement. *Bingham,* 833 S.W.2d at 543.

This interpretation of art. 38.14 is consistent with established precedent. In *Wilson v. State,* 94 Tex.Crim. 348, 250 S.W. 1033 (1923), the defendant was charged with robbery and an accomplice witness testified Wilson "looks like the man that was with me that night." *Id.,* 250 S.W. at 1034. The sheriff interviewed a third party, De Beauford, who stated that he lent Wilson a pistol to commit the robbery. *Id.,* 250 S.W. at 1035. At trial, the sheriff testified to De Beauford's out-of-court statements. We held:

> ... According to the sheriff's account of De Beauford's admissions, the latter was himself an accomplice. ... If De Beauford had been called as a witness in person, being an accomplice, he could not have corroborated [the accomplice witness]. ... *If the state had labored under this disadvantage in the face of the personal testimony of De Beauford, we are not able to perceive by what process of reasoning its condition was improved by his hearsay statements put in evidence through the sheriff.*

*Id.* Thus, even though De Beauford did *not* testify, we required corroboration of his out-of-court statements.

In *Goodwin v. State,* 165 Tex.Crim. 375, 307 S.W.2d 264, 267 (1957), we considered whether an accomplice's out-of-court statement may corroborate another accomplice's testimony. Goodwin was charged with the arson of a building. Two accomplice witnesses testified that, through Raymond McClendon, Goodwin hired them to burn the building. The accomplice witnesses further testified that McClendon provided a key to the building. *Id.,* 307 S.W.2d at 266. McClendon did not testify. We held:

> There is no question but that the facts abundantly establish the guilt of [the accomplice witnesses] of attempting to commit arson. ... For appellant to be guilty, then the testimony of the aforesaid witnesses must be corroborated by other evidence tending to connect appellant with the offense charged.

> \*    \*    \*    \*    \*    \*

> McClendon did not testify as a witness in the case. There is an entire absence of any testimony that he came into possession of the key from the appellant.

> The testimony of the accomplices showed that McClendon was so connected with the crime as to make him an accomplice witness, *which fact would have required corroboration of his testimony had he testified in the case.*

> *Any statement by McClendon that the key belonged to the appellant was that of an accomplice and, being uncorroborated, was insufficient to establish that the key was furnished by appellant.* Moreover, one accomplice cannot corroborate another.

*Id.,* 307 S.W.2d at 267.

Therefore, we have consistently required corroboration of an accomplice statement regardless of where the accomplice statements were made.

## IV.

Although art. 38.14 presents two possible interpretations, only the majority's interpretation is consistent with our precedent and will effectuate the legislative intent of art. 38.14. The State's interpretation would yield absurd results.

With these comments, I join the majority opinion.

MALONEY, Judge.

Appellant's wife was an accomplice and coconspirator; her incriminating statement to the police investigator was inadmissible under the coconspirator rule of evidence since she did not make the statement "during the course and in furtherance of the conspiracy." TEX.R.CRIM.EVID. 801(e)(2)(E); *see*

*also Deeb v. State,* 815 S.W.2d 692, 696–97 (Tex.Crim.App.1991), *cert. denied,* 505 U.S. 1223, 112 S.Ct. 3038, 120 L.Ed.2d 907 (1992).

Under the sixth amendment to the federal constitution and article one, section ten of the state constitution, an accused has the right to confront an adverse witness. U.S. CONST. amend VI; TEX. CONST. art. I, § 10. In certain cases, the Confrontation Clause precludes the admissibility of evidence that would otherwise be admissible under an exception to the hearsay rule. *Holland v. State,* 802 S.W.2d 696, 699 (Tex.Crim.App. 1991). A coconspirator's statement admitted under the coconspirator rule of evidence does not deprive an accused of his rights under the Confrontation Clause.[1] *Bourjaily v. United States,* 483 U.S. 171, 182, 107 S.Ct. 2775, 2781–82, 97 L.Ed.2d 144 (1987).

Over objection, the trial court erroneously admitted the statement of the defendant's wife not made in furtherance of the conspiracy, who was not on trial, against the defendant as a statement against her penal interest under TEX.R.CRIM.EVID. 803(24). Admitting a coconspirator's statement under the statement against penal interest exception when such statement is inadmissible under the coconspirator rule of evidence violates the requirements established as a predicate for the admissibility of a coconspirator's statement. The statement against interest exception should not be viewed as a means to circumvent the coconspirator rule of evidence. *Cf. Williamson v. United States,* —— U.S. ——, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994) (federal rule of evidence 804(b)(3), statement against penal interest exception, should be narrowly construed; portions of codefendant's statement against interest that implicated defendant not admissible). To the extent that cases hold otherwise, they should be overruled. *E.g., McFarland v. State,* 845 S.W.2d 824, 835 (Tex.Crim.App.1992), *pet. for cert. filed,* Mar. 9, 1993.

Unfortunately, the issue of the statement's admissibility was not presented to this Court. I do not agree that the issue as presented merits our review and would therefore deem it improvidently granted. Accordingly, I can only concur in the judgment which affirms the Court of Appeals.

CLINTON, Judge, dissenting.

A jury convicted Appellant of arson and assessed punishment at confinement for fifteen years and a fine of $1,000.00. The Court of Appeals reversed the conviction, finding that the trial court reversibly erred in failing to include an instruction concerning accomplice testimony pursuant to Article 38.14, V.A.C.C.P. *Bingham v. State,* 833 S.W.2d 538 (Tex.App.—Dallas, 1992). We granted the State's petition to consider whether an instruction concerning accomplice testimony is required when that accomplice did not testify and the accomplice's out-of-court statements were admitted under exceptions to the hearsay rule.

Peggy McCallum, Appellant's sister-in-law and neighbor, testified that on numerous occasions Appellant told her he was planning to set fire to his mobile home in order to collect the insurance money because he and his wife, Tammy, were in financial difficulty. Over Appellant's objection and under the co-conspirator exception to the hearsay rule, the trial court permitted McCallum to testify to hearsay testimony, *viz:* she asked appellant and Tammy to trade her refrigerator for theirs if they were really going to set fire to the trailer. They agreed, and did so. On September 10, 1990, first Tammy and then Appellant came over to McCallum's home. Appellant asked to use the bathroom, walked to the back bedroom, and yelled that their trailer was on fire.

The fire marshall for the city of McKinney and a criminal investigator testified that they found evidence of accelerants at the scene. They believed the fire had been intentionally set.

Misty Edwards, a former girlfriend of Appellant's brother, testified she visited Appellant, Tammy, and Appellant's brother shortly before the fire occurred. She stated she

---

1. Statements admitted under the coconspirator rule of evidence are not hearsay. TEX.R.CRIM. EVID. 801(e)(2)(E).

thought they were acting secretive and she asked Tammy why. Over Appellant's objection and pursuant to Tex.R.Crim.Evid., Rule 803(24), the statement against interest exception, the trial court permitted Edwards to testify that Tammy told her they were going to burn the trailer to get the insurance money.[1] Misty left the trailer and returned about an hour later to find the trailer on fire.

Paul Raleeh, a criminal investigator for the McKinney Police Department, testified that his investigation of the fire revealed it to be the product of arson. He interviewed Tammy at the police station. He testified she told him that Appellant and she had planned and talked about setting the fire and that Appellant set the fire. Appellant's objection to this testimony was overruled because the trial court believed the statement was admissible under Rule 803(24). Raleeh also stated that he did not intend to file charges against either Tammy or McCallum, although he agreed both were parties to the offense.

Appellant requested that the court's charge to the jury include an accomplice witness instruction for the statements attributed to Tammy. The trial court refused the request. An accomplice testimony instruction was given for McCallum's testimony.

The court of appeals reviewed caselaw concerning who is considered an accomplice witness and the requirement for corroboration under Article 38.14, V.A.C.C.P. The court noted that corroboration is required because an accomplice witness is a discredited witness whose testimony is untrustworthy and should be viewed with caution. *Bingham,* supra at 542. Finding this same concern applied when statements of a non-testifying accomplice were admitted pursuant to a hearsay exception, the Court of Appeals held that such statements should be treated as accomplice witness testimony. Therefore,

the instruction under Article 38.14 was required. Otherwise, the State could call a third party to testify to the accomplice's statements and avoid the need of corroborating testimony. This would permit the State to do indirectly that which it could not do directly. *Bingham,* supra at 544. The court of appeals acknowledged a case on point to the contrary, but declined to follow it. See *Navejar v. State,* 760 S.W.2d 786 (Tex.App.—Corpus Christi 1988, pet. ref'd), which held that an accomplice witness charge was not required when statements from a non-testifying accomplice were admitted under an exception to the hearsay rule. But the court was guided instead by *Chapman v. State,* 470 S.W.2d 656 (Tex.Cr.App.1971), and *Reynolds v. State,* 489 S.W.2d 866 (Tex.Cr.App.1972), cases which did not directly address this issue. The Court of Appeals concluded the trial court erred in failing to instruct the jury in accord with Article 38.14 and that one accomplice may not corroborate another.

The State argues Article 38.14 specifies that an accomplice instruction is required only for accomplice "testimony."[2] The State asserts that an out-of-court statement by a non-testifying witness is not testimony. The State contends the Court of Appeals has ignored the plain meaning of "testimony" within Article 38.14 and converted Bingham's out-of-court *statements* to testimony in conflict with this Court's opinion in *Boykin v. State,* 818 S.W.2d 782 (Tex.Cr.App.1991), concerning interpretation of statutes.

When interpreting statutory language, we attempt to determine its "plain meaning." *Boykin,* supra at 785. If literal application of the plain language does not lead to absurd consequences we do not look beyond the text of the statute in interpreting it. *Id.* at 785–786. To determine the plain meaning of

---

1. Rule 803(24) provides, in relevant part:

    "A statement [is not excluded by Tex.R.Cr. Evid., Rule 802] which ... at the time of its making ... so far tended to subject [the declarant] to ... criminal liability ... that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

2. Article 38.14, supra, reads:

    "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

statutory language, we may consult sources such as Black's Law Dictionary.

The dictionary defines "testimony" as "[e]vidence given by a competent witness under oath or affirmation; as distinguished from evidence derived from writings, and other sources. Testimony is particular kind of evidence that comes to tribunal through live witnesses speaking under oath or affirmation in presence of tribunal, judicial, or quasi-judicial." Black's Law Dictionary 1324 (6th ed. 1990). See also *Ex parte Jackson,* 470 S.W.2d 679, 682 (Tex.Cr.App.1971). Testimony is generally described as oral statements made by a person under oath in a court proceeding. *People v. Pic'l,* 114 Cal. App.3d 824, 873–874, 171 Cal.Rptr. 106, 134 (Cal.Ct.App.1981); see also *People v. Sully,* 53 Cal.3d 1195, 1230, 283 Cal.Rptr. 144, 154, 812 P.2d 163, 183–184 (1991). This plain meaning derived from a common source like the dictionary defines testimony as statements from a live witness speaking under oath or affirmation or as statements given by a competent witness under oath. Therefore, under the plain meaning of "testimony," Tammy's out-of-court statements admitted through Edward's testimony at trial are merely hearsay statements of a non-testifying accomplice. They are not testimony because the statements themselves are not related by the declarant accomplice who is testifying under oath or at trial under oath.

Interpreting Article 38.14 in light of this plain meaning shows that it applies to statements related by an accomplice while testifying at trial under oath or statements made under oath in a court proceeding. Statements attributed to a non-testifying accomplice are not testimony and do not fall under Article 38.14. Because Tammy Bingham's out-of-court statements were not testimony, an instruction concerning accomplice witness testimony under Article 38.14 was not required.

The concern expressed by the Court of Appeals regarding the untrustworthy nature of accomplice witness statements and the need for an instruction under Article 38.14 is addressed by the protections built into the principles guiding admission of evidence pursuant to the hearsay rules and exceptions thereto. The hearsay exceptions are based upon the reliability and trustworthiness of certain types of out-of-court statements to *protect against the untrustworthy nature of* hearsay statements. The statements in the instant case were admitted pursuant to the hearsay rules and hearsay principles which govern admissibility, trustworthiness, and reliability. Rule 803(24), by its terms, requires corroboration for trustworthiness: "A statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Reliability of the statement is the main concern. Rule 803(24) addresses that by requiring corroboration to ensure the trustworthiness of such statements.[3]

Accordingly, because the accomplice's statements were not accomplice witness testimony so as to be governed by Article 38.14, the Court of Appeals erred in finding fault in the trial court's refusal to include an accomplice witness instruction as to Tammy Bingham in the jury charge. The Court errs to conclude otherwise. I therefore respectfully dissent.

McCORMICK, P.J., and CAMPBELL, J., join.

---

**3.** We are not called upon to decide in this cause, and I therefore express no opinion, whether Tammy's out-of-court statement against her penal interest (if it was) was sufficiently trustworthy, insofar as it also implicated appellant, to be admissible against *him* at *his* trial, consistent with the corroboration requirement of Rule 803(24). See *Cofield v. State,* 891 S.W.2d 952 (Tex.Cr.App.1994).