Opinion issued May 13, 2004



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00581-CR




MICHAEL LAVON GIPSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 905482




MEMORANDUM OPINION 

          Appellant, Michael Lavon Gipson, pleaded not guilty to the offense of
aggravated robbery and true to two paragraphs alleged as enhancements. The jury
found appellant guilty and assessed his punishment at 35 years in prison. In his sole
point of error, appellant contends that he was denied effective assistance of counsel,
in violation of his rights under the federal and Texas constitutions because his trial
counsel did not object to evidence that the complaining witness was pregnant at the
time of the offense. We affirm. 
Ineffective Assistance of Counsel
          Appellant contends that his counsel was ineffective during the guilt-innocence
phase of the trial because he did not object when the complaining witness testified
that she was three and a half months pregnant and “showing” when appellant robbed
her at gunpoint while she was working in the lobby of a Days Inn motel in Houston. 
Appellant also contends that his counsel was ineffective during closing argument at
the punishment phase because he did not object when the prosecutor referred to
appellant as threatening and robbing a pregnant victim. 
          To prevail on a claim of ineffective assistance of counsel, appellant must
demonstrate that (1) counsel’s representation fell below an objective standard of
reasonableness based on prevailing professional norms, and that (2) but for counsel’s
errors, there is a reasonable probability the result of the proceeding would have been
different. See Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052,
2064-65, 2068 (1984). This standard of proof applies to both the guilt-innocence and
the punishment phases of criminal proceedings. Wiggins v. Smith, ___ U.S. ___, 123
S. Ct. 2527, 2535 (2003); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App.
1986). Appellant must prove his claim of ineffective assistance of counsel by a
preponderance of the evidence. McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim.
App. 1992), overruled on other grounds, Bingham v. State, 915 S.W.2d 9 (Tex. Crim.
App. 1994). Unless appellant satisfies both prongs of the Strickland test, the claim of
ineffective assistance will fail. See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999). It is not ineffective assistance of counsel for an attorney to fail to object
to admissible evidence. McFarland, 845 S.W.2d at 846. 
          Appellant contends that evidence that the complaining witness was pregnant
was either (1) irrelevant because it “played no part at all in what happened” or (2)
alternatively, if it was relevant, the “natural sympathy and indulgence generally
reserved for pregnant women in our society” substantially outweighed the probative
value of the evidence. See Tex. R. Evid. 401, 403. The State contends that, because
appellant did not file a motion for new trial, nothing in the record substantiates why
appellant’s trial counsel did not object to the evidence and, therefore, that appellant
has not rebutted the presumption that trial counsel’s strategy in not objecting was
sound. See Thompson, 9 S.W.3d at 813. 
          Appellant cites no precedent holding that evidence of a victim’s pregnancy is
categorically inadmissible and we have found none. We conclude that under these
circumstances, which show that appellant was aware of the victim’s pregnancy at the
time of the offense because she was “showing,” the trial court would have allowed the
evidence because it was relevant in describing the nature of the offense to the jury.


 
Appellant has not shown how the probative value of the evidence would be
substantially outweighed by the prejudicial effect given that appellant chose whom to
victimize and he chose a pregnant lady. A jury is entitled to know of the defendant’s
handiwork in committing an offense. Accordingly, any objection by trial counsel
would have been futile. 
          Moreover, appellant has not shown that the prosecutor’s punishment-phase
argument referring to the complaining witness’s pregnancy was objectionable. See
Tex. Code Crim. Proc. Ann. art. 37.07 3(a)(1) (Vernon Supp. 2004) (authorizing
offer of evidence relevant to sentencing, including “circumstances of the offense” for
which defendant tried).
          We conclude that appellant has not overcome the strong presumption that his
trial counsel’s performance fell within the wide range of reasonably professional
assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at
813; Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no
pet.). 
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).