Opinion issued June 3, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00050-CR

———————————

Jun Xiang Zhang, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the County Criminal Court at Law No. 2 

Harris County, Texas



Trial Court Case No. 1524442

 



 

MEMORANDUM OPINION

          A
jury found appellant, Jun Xiang Zhang, guilty of prostitution[1] and the trial court
assessed punishment at three days in jail and a fine of $500.  In one point of error, appellant contends that
she received ineffective assistance of counsel.

          We
affirm.

BACKGROUND

          In response to citizen
complaints, Officer S. Roccoport and his partner, both of the Houston Police
Department’s Vice Division, were assigned to investigate allegations of prostitution
at the “Golden Times Spa.”  On May 6,
2008, the two officers, separately and undercover, entered the massage parlor.  After they paid a fifty dollar admission fee,
an unidentified woman led Officer Roccoport to a private room and instructed him
to undress.  He undressed completely and
lay on a massage table in the room.  Appellant
entered the room, and, for approximately fifteen minutes, she massaged Officer
Roccoport’s back and lower legs.  She
asked him to roll over, massaged his chest, and then pointed to his penis and
asked, in English, whether he would like her to massage that as well.  Officer Roccoport said yes, and he asked what
else he could get.  He specifically asked
for a “blow job,” but appellant declined to perform oral sex on him.  Using hand signals, he asked her to
masturbate him.  He asked whether this
service was extra, and appellant said it was and held up five fingers to
indicate that it would cost an extra fifty dollars.  Officer Roccoport arrested appellant.

          Through
an information, the State charged appellant with prostitution for agreeing to
engage in sexual contact, “to-wit: masturbation, with S. Rocaforte, for a
fee.”  Appellant’s jury trial was held on
January 9, 2009.  During its voir dire,
the trial court emphasized the importance of being truthful, the importance of
bringing forward anything relevant that the attorneys or the trial court might
not ask about, the presumption of innocence, the requirement for the State to
prove guilt beyond a reasonable doubt, the role of the jury and its relation to
that of the judge, and any individual circumstances that would make jury
service difficult.  The trial court also
individually questioned every panel member who admitted to having served on a
criminal jury previously.  After the
trial court conducted its voir dire, the State addressed the jury.  

The prosecutor asked which of the
venire members believed prostitution should be legal and which members believed
it should remain illegal.  She then asked
those who indicated that they believed it should be legalized whether they
could enforce the law, and they all indicated that they could.  Also, during the State’s voir dire, venire
person number six volunteered that her son was a Harris County Sheriff’s Deputy
and venire person number seven volunteered that he was a police officer.   After the State’s voir dire, appellant’s
trial counsel addressed the jury.  

During his voir dire, appellant’s
trial counsel spoke with the venire about the importance of jury duty, a
defendant’s right not to testify, the presumption of innocence, the potential
problems associated with convicting someone based on a single witness, the fact
that the State had no video or audio evidence of the offense, and the fact that
the police department did not use an officer who could speak appellant’s native
language.  While appellant’s trial
counsel spoke to the venire at length, he asked only three questions.  He asked an employee of the Harris County
District Clerk’s Office what he had done that morning.  He asked the venire whether they knew Officer
Roccoport, and then he asked a venire member who was an attorney whether he
practiced in Harris County and then, as a follow up, whether they had
encountered each other before and, if so, whether the venire member was angry
with him.  

After the voir dire, the trial
court, the State, and appellant’s counsel discussed which jurors to
strike.  Appellant’s trial counsel argued
to keep venire member nine, who indicated that she would find it difficult to
convict someone, and then, in reference to Judge Belinda Hill, a member of the
venire, he stated to the trial court, “Don’t worry, she’s not going to be on
the jury.  It ain’t going to
happen.”  The trial court then informed
the venire members who would be on the jury and dismissed the rest.

          During
trial, a translator sat with appellant and translated for her.  Officer Roccoport testified to the
circumstances of his entry into the massage parlor, his massage, his request
for sexual contact, his belief that appellant spoke enough English to
understand the transaction, and appellant’s arrest.  After Officer Roccoport testified, the State
rested.  As its first witness, the
defense called Rick Tsui, appellant’s husband. 
Tsui testified on direct examation that he and appellant were married in
April 2007, that they did not have any children together, but that they each
had a child from a previous partner, that appellant’s daughter lives in Houston,
and that appellant has Hepatitis C.  Appellant’s
trial counsel then asked Tsui, “And your wife is a United States Citizen?” Tsui
replied that she was not, but that, based on their marriage, she had initiated
the citizenship process.  On
cross-examination, the State established that appellant had entered the country
on a tourist visa, but did not leave as required.

          Appellant
testified that she had never been arrested before, that she had worked as a
masseuse in this massage parlor for three years, and that she gave Officer
Roccoport a massage before being arrested. 
She testified that initially she and Officer Roccoport did not speak.  However, after she began to massage his back,
he spoke to her.  She testified that she
could not understand him because she does not understand English.  She testified, however, that she understood
Officer Roccoport when he said “fifty dollars,” and that she responded, “Yes .
. . fifty dollars.”  After she answered,
“Yes . . . fifty dollars,” Officer Roccoport jumped off the table grabbed his
clothes, told her he was a police officer, and arrested her.   On cross-examination, the State asked her
about her immigration status, and she testified that she had entered the
country on a tourist visa and had stayed beyond its expiration, but that because
her husband had filed a petition for her she was legally in the United States.

          The
jury convicted appellant of prostitution, and the trial court assessed her
punishment at three days in jail and a fine of $500.  Appellant did not file a motion for a new
trial, and this appeal followed. 

INEFFECTIVE ASSISTANCE OF COUNSEL

          In
her single point of error, appellant contends that she received ineffective
assistance of counsel because her trial counsel asked only three questions of
the venire and because her trial counsel introduced appellant’s immigration
status into the trial and failed to object to cross-examination on this issue.

A.              
Standard of Review

To prevail on a claim of
ineffective assistance of counsel, an appellant must show that his trial
counsel’s performance was deficient and that a reasonable probability exists
that but for the deficiency, the result of the proceeding would have been
different. Strickland v. Washington,
466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984).  The first prong of the Strickland test requires that the defendant show that his counsel’s
performance fell below an objective standard of reasonableness. Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).  Isolated errors
do not render counsel’s performance ineffective.  See
McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), overruled on other grounds, Bingham v. State, 915 S.W.2d 9 (Tex.
Crim. App. 1994).  The second prong
requires the defendant to show a reasonable probability that, but for his
counsel’s unprofessional errors, the result of the proceeding would have been
different. See Strickland, 466 U.S.
at 694, 104 S. Ct. at 2068; Thompson,
9 S.W.3d at 812.  Because the reviewing
court must indulge a strong presumption that counsel’s conduct falls within the
wide range of reasonable professional assistance, the defendant must overcome
the presumption that, under the circumstances, the challenged action “might be
considered sound trial strategy.” Strickland,
466 U.S. at 689, 104 S. Ct. at 2065.

Any allegation of ineffectiveness
must be firmly founded in the record, which must affirmatively demonstrate the
alleged ineffectiveness.  Thompson, 9 S.W.3d at 813 (citing McFarland, 928 S.W.2d at 500).  We will not speculate to find trial counsel
ineffective when the record is silent on his reasoning or strategy.  See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no
writ.).  In rare cases, however, the
record can be sufficient to prove that counsel’s performance was deficient,
despite the absence of affirmative evidence of his reasoning or strategy.  See
Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).  Such cases are limited to occasions where no
reasonable attorney could have made such a decision.  Weaver
v. State, 265 S.W.3d 523, 538 (Tex. App.—Houston [1st Dist.] 2008, pet. ref’d).

When, as here, an appellant does
not file a motion for new trial asserting ineffective assistance of counsel
that would have afforded trial counsel an opportunity to explain his strategy
and no direct evidence in the record establishes why appellant’s attorney acted
as he did, we presume that counsel had a plausible reason for his actions.  See
Thompson, 9 S.W.3d at 814.  We review
the record to determine whether this is one of those rare cases where no reasonable
attorney could have made the decisions complained of in the appeal.  See id.

B.              
Analysis

Appellant first contends that her
trial counsel was deficient for asking only three questions during voir
dire.  

After both the trial court and the
State had conducted their voir dire, appellant’s trial counsel conducted his
voir dire.  He thanked the jury for being
present, discussed the defendant’s right not to testify, and addressed
potential problems in the case, such as a lack of sound or video recordings and
the fact that the arresting officer did not speak appellant’s language.  He addressed the venire at length and asked
three questions. He asked an employee of the Harris County District Clerk’s
office what he had done that morning. He asked the venire members whether they knew
Officer Roccoport, and he asked a venire member who was a lawyer whether he
practiced in Harris County, and, as a follow up, whether they had encountered
each other in court, and, if so, whether the venire member was mad at him.  Appellant’s trial counsel was also actively
involved in the subsequent discussion regarding which jurors to strike.  Thus, while appellant’s trial counsel asked
the venire only three questions, many issues had already been addressed by the
trial court or by the State, counsel had enough information about the panel to identify
panel members he perceived to be favorable to his client, and he had enough
information to identify panel members, such as Judge Hill, whom he did not want
on the panel.  In examining the totality
of the representation, therefore, we cannot say that appellant has overcome the
strong presumption that trial counsel had a sound trial strategy in asking the
venire only three questions.  See Thompson, 9 S.W.3d at 814.

Appellant also contends that her
counsel was ineffective because he introduced her immigration status into the
trial and failed to object to cross-examination on this issue.  During counsel’s examination of appellant’s
husband, Rick Tsui, counsel asked him about his job, his family, his and his
wife’s children, his wife’s health problems, and his wife’s language skills.  Counsel also asked Tsui whether his wife was
a citizen.  Tsui responded that she was
not, but that they had hired a lawyer and initiated the process to apply for
citizenship.  During his
cross-examination, he admitted that his wife had entered the country with a
tourist visa, but that she had stayed beyond its expiration date.  In its cross-examination of appellant, the
State established that she had been in the United States for four years before
marrying her husband and applying for citizenship.    

The record is silent as to
appellant’s counsel’s reasons for introducing appellant’s immigration
status.  However, appellant’s counsel may
well have had strategic reasons for introducing an adverse fact which he knew
the State was aware of and the jury might be wondering about, to give appellant
the opportunity to put before the jury her current compliance with the
law.  See
Jackson, 877 S.W.2d at 711 (holding court will not speculate to find trial
counsel ineffective when record is silent on counsel’s reasoning or strategy); Thompson, 9 S.W.3d at 814 (when no
direct evidence establishes why appellant’s attorney acted as he did, we
presume counsel had plausible reason for his actions).

In examining the totality of the
representation, we cannot say that appellant has overcome the strong
presumption that trial counsel had a sound trial strategy.  See
Thompson, 9 S.W.3d at 813. 
Therefore, we hold that appellant has failed to prove the first prong of
Strickland by showing that her
counsel’s performance fell below an objective standard of reasonable
professional assistance.  See Strickland, 466 U.S. at 689, 104 S.
Ct. at 2065; Thompson, 9 S.W.3d at
812.

We overrule appellant’s sole point
of error.

 

CONCLUSION

We affirm the trial court’s ruling.

 

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Hanks, and Higley.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
              See Tex. Penal Code Ann. § 43.02 (Vernon
2003) (providing elements for prostitution).