# CONCURRING OPINION

No. 04-09-00577-CR

Mark William **JOHNSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-8945
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Rebecca Simmons, Justice
Concurring Opinion by:  Steven C. Hilbig, Justice

Sitting:       Rebecca Simmons, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  July 6, 2011

Although I agree with the majority's ultimate conclusion, I write separately to discuss the majority's failure to consider all available evidence in its analysis.  The majority believes the hearsay statement made by the accomplice Bryan Springs to Detective Randy Jones should not be considered in its analysis of the accomplice corroboration and legal sufficiency issues.  Because it is debatable whether the remaining non-accomplice testimony "tends to connect" Johnson to the crime, I believe the hearsay statement is properly included in the evidence used to corroborate the accomplice and in the review of the sufficiency of the evidence.

## CORROBORATION OF THE ACCOMPLICE TESTIMONY

Detective Jones testified that on the night of the robbery Springs told him that "White Boy" had participated in the robbery.  The detective determined that the nickname was ascribed

to Johnson, and he obtained a photograph of Johnson. Detective Jones testified Springs identified the photograph and Johnson as the second robber.

Clearly, the detective's unobjected-to testimony about the hearsay statement is probative evidence. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005); *see also* TEX. R. EVID. 802 (Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay.). Courts consider such evidence when conducting a legal sufficiency review of the evidence. *Poindexter*, 153 S.W.3d at 406 (holding that "once the trier of fact has weighed the probative value of unobjected-to hearsay evidence in its factfinding process, an appellate court cannot deny that evidence probative value or ignore it in its review of the sufficiency of the evidence"); *Fernandez v. State*, 805 S.W.2d 451, 454-56 (Tex. Crim. App. 1991)(holding unobjected-to hearsay is considered when conducting legal sufficiency review).

We may also consider the unobjected-to hearsay of an accomplice in determining whether an accomplice's testimony is sufficiently corroborated.[1] In *Bingham v. State*, 913 S.W.2d 208, 213 (Tex. Crim. App. 1995) (op. on reh'g), the court held that the requirement in article 38.14 that an accomplice's testimony be corroborated does not extend to an accomplice's out-of-court statements. *Id*. Although the specific issue in *Bingham* was whether a non-testifying accomplice's out-of-court statement could be used to corroborate a different testifying accomplice, the court held *only* the in-court testimony of an accomplice requires corroboration under article 38.14. *Id.*

---

[1] The majority appears to be critical of considering the entire record to determine whether the accomplice's testimony was sufficiently corroborated because the use of the accomplice's hearsay statement was not expressly argued by the State. However, the legal principle that an appellate court may uphold the trial court's judgment on any legal theory or basis applicable to the case even if not raised by a party is well-established. *See, e.g. Martinez v. State*, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002) ("'Judgments will be upheld on appeal if they are correct under any theory of law, even when the provision has not been cited by an appellee.'" (quoting *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001)).

I recognize that the precise question in this case is whether an out-of-court statement made by the testifying accomplice may be used to "connect" the defendant to the crime. However, because the statement came into evidence without objection,[2] it is probative evidence. As probative evidence that is not the "testimony" of the accomplice, nothing in article 38.14 prohibits the jury or this court from considering it as evidence "tending to connect" Johnson to the crime. When analyzing whether an accomplice's testimony has been sufficiently corroborated, there are only two categories of evidence: (1) the testimony of the accomplice and (2) all other evidence admitted at trial. As the court in *Bingham* stated, "the 'other evidence' referred to in Article 38.14 is 'evidence' adduced 'in the presence of [the] tribunal.'" 913 S.W.2d at 210. Accordingly, Detective Jones's testimony about Springs's admission, which implicated Johnson as the second robber, should be considered as part of the "other evidence" to determine if there is "other evidence" tending to connect Johnson with the crime.

I acknowledge that opinions from the Court of Criminal Appeals prior to *Bingham* are contrary to this result.[3] In *Beathard v. State*, the court considered whether a testifying accomplice's out-of-court statement could be used to corroborate his testimony. 767 S.W.2d 423, 428-29 (Tex. Crim. App. 1989). After noting that the underlying premise of the rule is that

---

[2] The court in *Bingham* assumed the hearsay statement would be subjected to its own reliability and corroboration requirement under rule 803(24) of the Texas Rules of Evidence. 913 S.W.2d at 212 ("other evidentiary rules ensure some circumstantial guarantee of reliability before an out-of-court statement of an accomplice will withstand objection"); *id.* at 211 ("In the context of this case that means that the out-of-court statements of [the accomplice] were admissible, if at all, only as statements against penal interest, a hearsay exception that is subject to a corroboration requirement of its own, albeit different in character from the corroboration Article 38.14 requires"). It is questionable whether the testimony about Springs's hearsay statement would have been admitted had Johnson objected. *See Dewberry v. State*, 4 S.W.3d 735, 751-52 (Tex. Crim. App. 1999)(discussing factors governing admissibility of declarant's statement against interest in trial of non-declarant co-defendant), *cert. denied*, 529 U.S. 1131 (2000).

[3] The majority contends the court's opinion in *McDuff v. State*, 939 S.W.2d 607 (Tex. Crim. App. 1997), supports the majority's resolution because the court in *McDuff* did not consider certain hearsay statements made by a testifying accomplice in its review of evidence to determine if there was "other evidence" tending to connect McDuff to the crime. I disagree. The court discussed the testimony of several non-accomplice witnesses and held it was sufficient to connect McDuff to the offense. *Id.* at 612-13. Thus, although McDuff argued the accomplice's hearsay statements should not be considered, the court did not need to decide the issue and did not discuss it. *Id.*

the accomplice is a "discredited witness," whose testimony should be "carefully scrutinized," the

court stated:

> Given these concerns over the witness's potential bias and inherent lack of
> credibility, a prior consistent statement made by that same witness fails to provide
> the additional degree of reliability that corroboration by *independent* evidence
> would provide and that Art. 38.14 requires.

*Id.* at 429; *see also Reynolds v. State*, 489 S.W.2d 866, 872 (Tex. Crim. App. 1972)(holding

statement made by accomplice witness to third party is hearsay without probative value and

cannot be used to corroborate same accomplice's testimony).

I question the viability of these and similar cases in light of the court's reasoning in

*Bingham*. In its original opinion, a plurality of the court held that the out-of-court declaration of

an accomplice, repeated in court by a non-accomplice witness, may constitute "testimony of an

accomplice" as the term is used in article 38.14. *Bingham v. State*, 915 S.W.2d 9, 9-10 (Tex.

Crim. App. 1994). However, in its opinion on rehearing, a majority of the court held the term

"testimony of an accomplice" refers to only the testimony offered before the tribunal. *Bingham*,

913 S.W.2d at 210. The court also held the out-of-court accomplice statements were not the

class or type of evidence that required corroboration by article 38.14:

> Bearing in mind this independent requirement of reliability of out-of-court
> accomplice statements, together with the reduced aura of self-interest that
> surrounds them, we have every reason to believe that the Legislature simply did
> not regard such statements with the same degree of suspicion as it did an
> accomplice witness who testifies in court. By this reckoning, we but effectuate the
> legislative intent when we read Article 38.14 to embrace only the in-court
> "testimony" of an accomplice.

*Id.* at 211. Because the court concluded the out-of-court statement of an accomplice is not

subject to "the same degree of suspicion" as in-court testimony, it would seem inconsistent to

continue the previous line of cases that held such evidence carries no weight as evidence "tending to connect" the defendant with a crime.[4]

Why does any of this matter? Because the majority holds that a series of fuzzy and indistinct photographs[5] constitute evidence tending to connect Johnson to the crime. Relying on the principle that we view the corroborating evidence in the light most favorable to the verdict, the majority infers that the jury must have determined that Johnson was indeed the robber in the photographs.

The corroborating evidence must tend to link or connect the defendant with the crime. *Simmons v. State*, 282 S.W.3d 504, 508 (Tex. Crim. App. 2009). "It must be remembered, however, that evidence which does no more than point the finger of suspicion towards an accused is insufficient to corroborate testimony of an accomplice witness." *Paulus v. State*, 633 S.W.2d 827, 844 (Tex. Crim. App. [Panel Op.] 1981). Here, the only manner in which the photographs could link or connect Johnson to the crime would be if the jury believed it was Johnson depicted in the photographs. The pictures do not have sufficient clarity or detail to permit a reasonably definite identification of the person depicted. Although the jury was able to view the photographs and compare them to Johnson's general features, the features of the actor

---

[4] In *Maynard v. State*, 166 S.W.3d 403, 414 n.6 (Tex. App.—Austin 2005, pet. ref'd.), the Austin court of appeals appears to conclude the older cases prohibiting the use of an accomplice's own out-of-court statement as corroboration remain viable after *Bingham*. The court avoided using an accomplice's out-of-court statement to corroborate his in-court testimony by disregarding the accomplice's testimony in its review of the sufficiency of the evidence.

[5] The majority concedes the photographs are fuzzy and the "shading may not be accurate." *See Johnson v. State*, No. 04-09-00577-CR, slip op. at * (Tex. App.—San Antonio July *, 2011). This latter observation is an understatement. The accomplice wore a black ski mask during the robbery that was recovered when he was arrested. In the photographs, the mask appears to be light gray. Furthermore, because of the angle from which the pictures were taken, it is difficult to determine the actor's height.

in the photographs are indistinct.  Accordingly, I question whether the photographs do more than "point the finger of suspicion."[6]

An appropriate analogy might be to cases that hold a defendant's proximity to the scene of the crime at the time of its commission is evidence tending to connect the defendant.  *See, e.g. Romero v. State*, 716 S.W.2d 519, 522 (Tex. Crim. App. 1986)("Proof that the accused was at or near the scene of the crime at or about the time of its commission, when coupled with other suspicious circumstances, may tend to connect the accused to the crime . . ."), *cert. denied*, 479 U.S. 1070 (1987); *Brown v. State*, 672 S.W.2d 487, 489 (Tex. Crim. App. 1984)(same).  No doubt, a defendant's presence in the same block where a crime is committed shortly before or after its commission is some evidence tending to connect him with the crime.  But does the same reasoning apply when the defendant is seen five miles away from the crime scene?  Pictures that lack discernable details are more akin to a person seen five miles away from the crime than in the same block.  Based on the poor quality of the photographs, I am extremely reluctant to hold that a rational jury could find that the pictures tend to connect Johnson to the crime.[7]  However, this issue need not be decided because Springs's out-of-court hearsay statement, admitted before the jury without objection, is "other evidence" that tends to connect Johnson to the crime.

## LEGAL SUFFICIENCY

Because Springs's accomplice testimony was sufficiently corroborated, the jury was free to consider the testimony in reaching its verdict.  I agree with the majority that this evidence is

---

[6] The record does not contain any other photograph of Johnson; thus we are unable to make our own comparison to determine if a rational jury would have relied on the surveillance photographs as evidence tending to connect Johnson to the crime.

[7] This issue may have been foreshadowed by the Court of Criminal Appeals in its plurality opinion in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).  When discussing the circumstances that could possibly show an irrational jury, the court posited a hypothetical where a store clerk identified A as the robber at trial, but a "properly authenticated" videotape "clearly shows" B committed the robbery. *Id.* at 906-07. The plurality opinion suggested it would be within the jury's prerogative to believe the store clerk and disregard the videotape, but the jury's finding of guilt would not be rational based on all the evidence. *Id.*

legally sufficient to support the jury's verdict. However, I believe Springs's hearsay statement is also properly available to support the verdict. As pointed out above, "once the trier of fact has weighed the probative value of unobjected-to hearsay evidence in its factfinding process, an appellate court cannot deny that evidence probative value or ignore it in its review of the sufficiency of the evidence." *Poindexter*, 153 S.W.3d at 406.

With these comments, I concur in the judgment.


                                                                    Steven C. Hilbig, Justice

Publish