

# NUMBER 13-12-00185-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ERIC WAYNE STANFORD,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

### On appeal from the 24th District Court
### of Victoria County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Eric Wayne Stanford appeals his conviction of two counts of aggravated sexual assault, first-degree felonies, *see* TEX. PENAL CODE ANN. § 22.021(a)(1) (West Supp. 2011), enhanced by a prior felony conviction of indecency with a child by contact, *see id.* §§ 12.42(c) (2)(A)(i) (West Supp. 2011); 21.11(a)(1) (West 2011). A jury found appellant guilty, and the trial court assessed punishment at two concurrent life sentences

to be served in the Texas Department of Criminal Justice, Institutional Division.   By one issue, appellant argues he received ineffective assistance of counsel.   We affirm.

## I.   BACKGROUND[1]

The State indicted appellant for aggravated sexual assault resulting from his alleged conduct involving a nine-year-old girl.   She accused appellant of penetrating her vagina with his fingers and licking her vagina on her ninth birthday.   The child disclosed appellant's conduct to her father and a sexual assault nurse.   The child, her father, and the sexual assault nurse all testified at trial.   In addition, appellant's brother testified that appellant admitted he "kissed" the child "below" or on the "crotch."

Dianne Oliver, a crime lab forensic scientist with the Texas Department of Public Safety, analyzed swabs from the sexual assault nurse's examination and the clothes the child was wearing on the day of the alleged assault.   Oliver compared DNA specimens from the swabs to DNA samples that were taken from the child and appellant.   Oliver concluded appellant could not be excluded as a contributor to the DNA specimen she found on the inside of the child's panties or to another DNA specimen that was taken from a swabbing of the child's naval area.   Oliver explained that forensic scientists use terminology "included or excluded as a contributor" in their conclusions, and testified about statistical "probability to be a contributor . . . ."

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

By his sole issue, appellant contends that his trial counsel was constitutionally ineffective for failing to provide essential clarifying information to the jury regarding

---

[1]   Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

2

statistical underpinnings of DNA analysis, either through a defense expert, vigorous cross-examination of Oliver, or objecting to Oliver's testimony.

## A.    Standard of Review

To prevail on an ineffective assistance of counsel claim, appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.).   Our review of counsel's representation is highly deferential; we will find ineffective assistance only if appellant rebuts the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance.   *Strickland*, 466 U.S. at 689; *Lopez*, 343 S.W.3d at 142; *Jaynes*, 216 S.W.3d at 851.   The record must contain evidence of counsel's reasoning, or lack thereof, to rebut the presumption.   *Moreno v. State*, 1 S.W.3d 846, 865 (Tex. App.—Corpus Christi 1999, pet. ref'd).   We review the totality of representation rather than isolated instances in determining whether trial counsel was ineffective.   *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *Lopez*, 343 S.W.3d at 143.

## B.    Discussion

The failure to call a witness does not amount to ineffective assistance of counsel unless the record shows the witness was available and would have provided testimony beneficial to the defendant.   *See Wilkerson v. State*, 726 S.W.2d 542, 551 (Tex. Crim. App. 1986) (en banc); *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) (en banc).

Appellant has not identified any available witness and does not explain what testimony such a witness would have provided. Moreover, appellant fails to rebut our presumption that his trial counsel's decision not to hire a DNA expert constituted sound trial strategy. *See Lopez*, 343 S.W.3d at 143; *Moreno*, 1 S.W.3d at 865. Similarly, "[t]he suggestion that cross-examination should have been conducted in a different manner does not rebut the presumption . . . ." *Resendiz v. State*, 112 S.W.3d 541, 548 (Tex. Crim. App. 2003) (en banc). Lastly, although appellant asserts trial counsel should have objected to Oliver's testimony, appellant neither provides the grounds for any objection nor directs us to any inadmissible testimony. *See McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992) (en banc), *overruled on other grounds*, *Bingham v. State*, 915 S.W.2d 9, 10 (Tex. Crim. App. 1994) (en banc) ("[T]he failure of trial counsel to object to admissible evidence does not constitute ineffective assistance of counsel . . . .").

Appellant fails to show that any of the foregoing alleged deficiencies manifested ineffective assistance of counsel. Even assuming the isolated examples were attorney error, they do not show that the totality of trial counsel's representation was ineffective. *See Robertson*, 187 S.W.3d at 483; *Lopez*, 343 S.W.3d at 143. Appellant does not provide sufficient record evidence to overcome our presumption that, when viewed in its entirety, trial counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Lopez*, 343 S.W.3d at 142; *Jaynes*, 216 S.W.3d at 851. In addition, appellant does not show that but for counsel's deficient performance the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694; *Lopez*, 343 S.W.3d at 142; *Moreno*, 1 S.W.3d at 864.

4

We overrule appellant's issue.

## III.  CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of September, 2013.