William BURNS, and Victor Burns, Appellants,

v.

The STATE of Texas, Appellee.

No. 68942.

Court of Criminal Appeals of Texas, En Banc.

Dec. 4, 1985.

Rehearing Denied Feb. 12, 1986.

James E. Davis, Texarkana, Ark., Roscoe R. Jones, Texarkana, for appellants.

Louis Raffaelli, Dist. Atty. and James Elliott, Asst. Dist. Atty., Texarkana, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Appellants were found guilty of capital murder. The jury answered the special issues under Art. 37.071(b), V.A.C.C.P. affirmatively, whereupon the court assessed the mandatory penalty of death. Appellants raise sixteen grounds of error. Because we find merit in appellants' challenge to the jury charge we address only that ground of error.

Appellants argue that the trial court erred in refusing to instruct the jury that one witness, Danny Ray Harris, was an accomplice as a matter of law. The trial court instead presented this issue to the jury as one of fact to be decided during deliberations.

Appellants, along with Harris, were indicted for capital murder. Appellants were tried jointly and that trial is the subject of this appeal.

Johnny Lynn Hamlett was shot to death in the early morning hours of March 28, 1981, while working a night shift at a wood preserving plant in Texarkana. The police, acting pursuant to an anonymous tip, apprehended Danny Ray Harris. Harris gave the police a statement implicating William Burns and Victor Burns, appellants in the instant case. The police were also able to procure statements from both appellants. Although these statements are somewhat in conflict they implicate both appellants in the homicide. The statements also led to the discovery of certain physical evidence connected with the offense.

The evidence adduced at the guilt/innocence stage of the trial consisted primarily of the statements made by applicants, the physical evidence those statements led to and the testimony of co-indictee, Harris. In addition, the State called several witnesses whose testimony was limited to describing the deceased's character and an expert doctor to testify as to cause of death. However, only the statements and the accomplice testimony bore directly on guilt.

In the charge presented to the jury the trial court included a paragraph submitting the issue of whether Harris was an accomplice as a question of fact to be decided during deliberations. Specifically, the paragraph instructed, "Now, if you find and believe from the evidence that DANNY R. HARRIS is an accomplice, you cannot convict either of the Defendants upon his testimony alone ..." Also included in the charge was a paragraph submitting the issue of the voluntariness of the statements given by appellants to the police.

Appellants objected to the paragraph submitted on the accomplice issue.[1] Further, appellants' requested jury charge that was filed with the trial court included a paragraph instructing the jury that Harris was an accomplice as a matter of law.[2]

■■■ As a co-indictee for the same offense for which appellants were tried, Harris is an accomplice as a matter of law. *Harris v. State,* 645 S.W.2d 447 (Tex.Cr. App.1983); *McCloud v. State,* 527 S.W.2d 885 (Tex.Cr.App.1975); *Hendricks v. State,* 508 S.W.2d 633 (Tex.Cr.App.1974). When there exists no doubt as to the character of a witness as an accomplice as a matter of law the court is under a duty to so instruct the jury. The failure to do so may constitute reversible error. *Gonzales v. State,* 441 S.W.2d 539 (Tex.Cr.App.1969).

As in the instant case, where the court submits to the jury the fact question of whether a certain State's witness is an accomplice witness when the evidence is such as to justify a charge that such witness was an accomplice as a matter of law, and proper objection is reserved, to determine whether such error is reversible, the court in *Gonzales,* supra, required that the testimony in question be examined to determine whether it was essential to the State's case. Although not exclusive, the court included three situations where the testimony would be essential; (a) where the witness is in fact an accomplice and there is no corroborating testimony tending to connect the defendant to the offense as per Art. 38.14, V.A.C.C.P.; (b) where, without the testimony of the witness, there is insufficient evidence to support a conviction; or (c) where the witness' testimony is the sole

corroboration of another accomplice witness.

*Gonzales* was decided before our decision in *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1984). Therefore, we now apply the *Gonzales* test in light of *Almanza.*

In *Almanza,* supra, interpreting Art. 36.-19, V.A.C.C.P., this Court established two independent grounds for reversal. One reason to reverse for error in the charge arises if the error, properly objected to at trial, is harmful and therefore "calculated to injure the rights of defendant." The other ground for reversal arises if the error, even though not objected to at trial, is "so eggregious and creates such harm that it deprives accused of a fair and impartial trial."

In light of this harm analysis established in *Almanza,* supra the test established in *Gonzales,* supra is now to be used to evaluate the harm, whether it be of a "fundamental" nature or of the lesser level "calculated to injure the rights of defendant," resulting from a trial court's erroneous submission to the jury as a fact issue the character of a witness as as an accomplice.

Because this jury charge error was timely objected to in the instant case, the lower standard of harm established by the court in *Almanza,* supra, is to be used in determining whether reversal is required. Specifically, if the error was "calculated to injure the rights of defendant" reversal must be ordered. This has been interpreted to require only that *some* harm have resulted to appellants because of the erroneous charge.

---

1. At trial the appellants objected as follows:
   The objection I have to the charge is in Paragraph Numbered Roman Numeral V, wherein the Court charges upon the law of accomplice testimony. It is my objection that the Court should not submit this as a fact question, but should tell the jury that the witness Danny Ray Harris is an accomplice as a matter of law, and that it is—it's my position that submitting it as a fact question is not proper in a case where he has been indicted for the very same offense as the Defendants on trial.

2. The appellants' requested jury charge contained the following:

You are instructed that the witness, Danny R. Harris, is an accomplice as a matter of law. Even if you find that an offense was committed, you cannot convict either Defendant upon the testimony of Danny R. Harris unless you first believe his testimony is true and shows that either Defendant is guilty as charged, and then you cannot convict either Defendant upon said testimony unless you fully believe that there is other testimony in the case outside of the testimony of Danny R. Harris tending to connect one or more of the Defendants with the offense committed...

Harris is clearly an accomplice as a matter of law. Therefore, the jury should have been instructed that his testimony required corroborating evidence tending to connect appellants with the offense in order to be sufficient to sustain a conviction. Art. 38.14, V.A.C.C.P.

The only other evidence of guilt presented at trial were the out-of-court statements made by appellants and the physical evidence discovered as a result of those statements. These statements might have presented sufficient corroboration to satisfy Art. 38.14. However, the jury charge allowed the jury to make a finding that the statements were involuntary. If the jury found them involuntary, they were instructed that they could not consider the statements for any purpose. It necessarily follows that they could not then be used to corroborate the accomplice testimony.

Thus, we are presented with a situation where the jury correctly following the jury charge as given, quite plausibly could have improperly convicted appellants because they could have found the statements involuntary and yet convicted appellants on Harris's testimony alone. The conviction would then be based on the erroneous finding that Harris was not an accomplice and that, therefore as per the charge, his testimony needed no corroboration in order to be sufficient to sustain a conviction.

In this situation if we apply the *Gonzales* test to evaluate harm, the accomplice testimony would have clearly been "essential" to the State's case because without the out of court statements there would be no corroborating evidence tending to connect appellants with the offense. Although we do not decide whether or not this type of error is so eggregious as to amount to fundamental error, we hold that, given the possibility that the convictions were the result of an improper charge, this

error resulted in at least *some* harm "calculated to injure the rights" of appellants. Because this error was objected to, reversal is required.

Accordingly, the judgment of the trial court is reversed and the case is remanded for new trial.[3]

ONION, P.J., and TEAGUE and CAMPBELL, JJ., concur in the result.

McCORMICK, J., dissents.

---

3. Having examined a further ground of error presented by appellants concerning the admission into evidence of the statements made by appellants and the allegation that this was an unconstitutional violation of the right to confront and cross-examine we trust that, upon retrial, this same situation will not recur. *Bru-*

*ton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *Evans v. State,* 534 S.W.2d 707 (Tex.Cr.App.1976); *Griffin v. State,* 486 S.W.2d 948 (Tex.Cr.App.1972). Of course, any such error can be avoided on retrial by granting a motion for severance.