**Anthony Dwayne BINGHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–01082–CR.**

Court of Appeals of Texas,
Dallas.

April 20, 1992.

Rehearing Denied June 1, 1992.

Discretionary Review Granted
Sept. 30, 1992.

Scott Lemke, McKinney, for appellant.

Tom O'Connell, David Waddill, McKinney, for appellee.

Before THOMAS, MALONEY and KAPLAN, JJ.

## OPINION

MALONEY, Justice.

A jury convicted Anthony Dwayne Bingham of arson and assessed a fifteen year sentence and a $1000 fine. Appellant claims the trial court erred in (1) denying his motion for new trial on jury misconduct; (2) failing to submit jury instructions on accomplice witness testimony; and (3) admitting hearsay statements. Appellant also challenges the sufficiency of the evidence.

We sustain appellant's second point of error on the trial court's failure to charge the jury on accomplice witness testimony. We reverse the trial court's judgment and remand this cause for a new trial.

## STATEMENT OF FACTS

Peggy McCallum, appellant's sister-in-law, lived next door to appellant and his wife, Tammy Bingham. McCallum testified that appellant told her that he planned to burn his trailer home for the insurance money. Appellant and Bingham needed money to pay bills. McCallum's refrigerator was "running hot" and appellant's refrigerator was in better condition.[1] Before the fire, she exchanged her refrigerator for the refrigerator in appellant and Bingham's trailer.

Appellant and Bingham's insurance company investigated the fire. Its investigation revealed two origins of the fire and the use of accelerants. Its claims investigator testified that these were signs of an intentionally set fire.

The city fire marshal also investigated the fire. He found evidence of accelerants and an intentionally set fire. His investigation report listed the cause of the fire as "suspicious."

Misty Edwards, a former girlfriend of appellant's brother, testified that she visited appellant and Bingham the afternoon of

---

1. The trial court admitted the discussions regarding the reasons for switching the refrigerators as statements of a co-conspirator. *See* TEX.R.CRIM.EVID. 801(e)(2)(E).

the fire. Appellant, his brother, and Bingham were acting secretive. Bingham admitted to Edwards that "they were going to burn down the trailer to get the insurance money."[2] Edwards left the trailer. When she returned about 3:45 that same afternoon, the trailer was on fire.

Paul Raleeh, a McKinney Police Department criminal investigator, also investigated the fire. He found evidence of accelerants and multiple fire origins. He interviewed appellant's mother, the insurance adjuster, Bingham, Edwards, and McCallum. Their statements supported his conclusion that the fire was arson.

Raleeh testified that Bingham admitted that she and appellant planned the fire.[3] Although Raleeh did not intend to file charges against McCallum and Bingham, he testified that both were parties to the offense and could be charged the same as appellant.

Bingham invoked her Fifth Amendment right not to testify. The record reflects that she filed an affidavit retracting the statement she gave to Raleeh.

## SUFFICIENCY OF THE EVIDENCE

In his third point of error, appellant maintains the evidence is insufficient to support his conviction. Specifically, he alleges the State did not sufficiently corroborate the accomplice witnesses' testimony.

### 1. Applicable Law

■ In evaluating the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. *Marroquin v. State*, 746 S.W.2d 747, 750 (Tex.Crim. App.1988). We determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). The trier of fact is the sole judge of the testimonial weight and witnesses' credibility. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). The trier of fact may believe or disbelieve any part of a witness's testimony. *Williams v. State*, 692 S.W.2d 671, 676 (Tex.Crim.App.1984). We measure the sufficiency of the evidence by the charge given to the jury. *Boozer v. State*, 717 S.W.2d 608, 610 (Tex.Crim.App.1984).

### 2. Application of Law to Facts

■ McCallum testified appellant planned to intentionally burn down his trailer home. Raleeh and Edwards testified Bingham admitted she and appellant planned to commit arson. *Under the charge given,* the evidence supports the verdict of guilty. We overrule appellant's third point of error.

## ACCOMPLICE TESTIMONY

In his second point of error, appellant maintains the trial court erred in denying his requested accomplice witness charge on Bingham. Appellant contends the charge allowed the jury to corroborate the testimony of accomplice McCallum with Bingham's statements. The State maintains Bingham was not an accomplice witness because she did not testify.

### 1. Applicable Law

#### a. Accomplice Witnesses

■ An "accomplice witness" is one who participates with another before, during, or after the crime. *Gamez v. State*, 737 S.W.2d 315, 322 (Tex.Crim.App.1987). One is not an accomplice because he knows of the crime but fails to report it or even conceals it. *Id.* The test is whether a prosecution will lie against the witness under the accused's indictment. *Id.* The term "accomplice witness" should be given

---

**2.** The trial court overruled appellant's hearsay objections io Bingham's statements. The State offered Bingham's statements as statements against interest. *See* Tex.R.Crim.Evid. 803(24).

**3.** Appellant objected to the admission of Bingham's statements. Appellant contended Bingham's statements did not meet the co-conspirator exception to the hearsay rule nor could they be considered statements against interest. *See* Tex.R.Crim.Evid. 801(e)(2)(E) & 803(24). The trial court overruled appellant's objections.

a broad meaning. *Holladay v. State,* 709 S.W.2d 194, 196 (Tex.Crim.App.1986).

We consider each case on its own facts and circumstances. *Reed v. State,* 744 S.W.2d 112, 126 (Tex.Crim.App.1988). The evidence determines which, if any, accomplice witness instruction the court should give the jury. *Gamez,* 737 S.W.2d at 322. When the evidence clearly shows the witness is an accomplice as a matter of law, the trial court must so instruct the jury. *Id.; Arney v. State,* 580 S.W.2d 836, 839 (Tex.Crim.App.1979). If the State indicts a witness for the offense on trial or the witness implicates herself while testifying, the witness is an accomplice as a matter of law. *Hernandez v. State,* 636 S.W.2d 617, 621 (Tex.App.—San Antonio 1982), *rev'd on other grounds,* 651 S.W.2d 746 (Tex.Crim.App.1983). A co-conspirator is an accomplice. *Chapman v. State,* 470 S.W.2d 656, 660 (Tex.Crim.App.1971).

If a question exists whether the witness is an accomplice, then the court should submit that fact issue to the jury. *Gamez,* 737 S.W.2d at 322; *Emmett v. State,* 654 S.W.2d 48, 50 (Tex.App.—Dallas 1983, no pet.).

### b. *Corroboration of Accomplice Testimony*

An accomplice's testimony alone is not sufficient for a conviction. *Walker v. State,* 615 S.W.2d 728, 731 (Tex.Crim.App. [Panel Op.] 1981). Texas statutes provide:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

TEX.CODE CRIM.PROC.ANN. art. 38.14 (Vernon 1979).

Regardless of the number of accomplices, independent evidence must corroborate their testimony. *Hernandez,* 636 S.W.2d at 621. If one witness is an accomplice as a matter of law and the jury could find another witness to be an accomplice, the trial court must submit an in-

struction to the jury that one accomplice cannot corroborate another accomplice. *Aston v. State,* 656 S.W.2d 453, 454 (Tex. Crim.App.1983). One co-conspirator may not corroborate another co-conspirator. *Chapman,* 470 S.W.2d at 662. We do not affirm a conviction on uncorroborated co-conspirator testimony. *Id.* at 660.

We require corroboration because an accomplice witness is a discredited witness, whose testimony is untrustworthy and should be viewed with caution. *Walker v. State,* 615 S.W.2d at 731. It is "so untrustworthy a conviction should not be based solely upon [accomplice] testimony. Because such a witness is usually deemed to be corrupt, his testimony is always looked upon with suspicion." *Holladay,* 709 S.W.2d at 196.

A third person testifying about an accomplice's declarations and statements cannot corroborate the accomplice's testimony. *Pipkin v. State,* 154 Tex.Crim. 640, 230 S.W.2d 221, 223 (1950).

### c. *Impeachment of Hearsay Statements*

When the trial court admits a co-conspirator's statement under rule 801(e)(2)(E), appellant may impeach the credibility of the non-testifying co-conspirator as if he had in fact testified. TEX. R.CRIM.EVID. 806; *Davis v. State,* 791 S.W.2d 308 (Tex.App.—Corpus Christi 1990, pet. ref'd.). The same rule applies when the trial court admits any hearsay statement, even a statement against interest. TEX.R.CRIM.EVID. 806.

### d. *Corroboration of Non–Testifying Witness's Statements*

The Corpus Christi Court of Appeals addressed the issue of whether a trial court should submit a jury charge on accomplice witnesses when it admits a non-testifying accomplice's hearsay statements. *Navejar v. State,* 760 S.W.2d 786 (Tex.App.—Corpus Christi 1988, pet. ref'd). In *Navejar,* the arresting officer related that a passenger in the car at the time of arrest stated "he's the one," indicating Navejar. *Id.* at 788. The trial court admitted the passenger's statements as an excited utterance.

On appeal, Navejar contended the passenger was an accomplice and the trial court erred in not instructing the jury on the accomplice witness rule. Because Navejar did not object or request a jury instruction, the court held he did not preserve error. However, the court opined that because the passenger did not testify at trial the accomplice witness rule did not apply. *Id.*

We decline to follow *Navejar*. After the *Navejar* court sustained a sufficiency of the evidence point and ordered an acquittal, it then addressed the remaining accomplice witness point of error. The court cited no authority for its holding that the accomplice witness rule did not apply.

We find no other case directly on point. Neither appellant nor the State cite any authority specifically addressing this issue. We find guidance in *Chapman,* 470 S.W.2d 656 and *Reynolds v. State,* 489 S.W.2d 866 (Tex.Crim.App.1972).

Neither *Chapman* nor *Reynolds* specifically addresses whether the trial court properly instructed the jury on the accomplice witnesses rule for the accomplice's out-of-court statements. However, the court's treatment of the accomplices' out-of-court statements in its evaluation of the evidence's sufficiency is some authority for applying the accomplice witness rule to such statements.

In *Chapman,* the trial court charged two witnesses as accomplices as a matter of law and instructed the jury on the law under article 38.14. One of the two accomplices did not testify but the trial court admitted his out-of-court statements as co-conspirator statements. The charge "apparently had reference to testimony which attributed certain statements to [the non-testifying co-conspirator]." *Chapman,* 470 S.W.2d at 660. The *Chapman* court determined the proper review of the sufficiency of the corroborating evidence required them to exclude the accomplice witnesses' testimony from consideration.

The *Chapman* court excluded both the testifying accomplice witness's testimony and the co-conspirator's out-of-court statement in its evaluation of the evidence. By eliminating the co-conspirator's statements from its determination of the sufficiency of the evidence, the court treated the non-testifying co-conspirator statements as "accomplice testimony."

In *Reynolds,* the Court of Criminal Appeals considered whether an accomplice's prior consistent statement made to a testifying third party required corroboration. The accomplice testified. The trial court charged the jury that she was an accomplice as a matter of law. The *Reynolds* court held it could not consider an accomplice's prior consistent hearsay statement, related by a testifying third party, in determining the sufficiency of the corroborative testimony. Because the out-of-court statement was still a "statement ... made by the accomplice witness," it had to be corroborated by other evidence. *Reynolds,* 489 S.W.2d at 872.

### 2. Application of the Law to the Facts

■ Raleeh testified that Bingham and McCallum were parties to the arson offense. That Raleeh did not *intend* to charge them with the offense does not mean they are not accomplices. If both Bingham and McCallum *could* be prosecuted for arson, they are accomplices.

The State relied on Edwards, Raleeh, and McCallum's recounting of Bingham's inculpating statements to connect appellant to the arson. The jury should have been instructed to scrutinize Bingham's out-of-court statements with the same suspicion as a testifying accomplice.

Rules 801 and 806 of the Texas Rules of Criminal Evidence recognize that a declarant's credibility is subject to impeachment whether he testifies or the court admits his hearsay statements as if he testified. The same principles and concerns apply when the court admits a non-testifying accomplice's statements. We require corroboration of an accomplice's testimony because we discredit and view accomplices and co-conspirators with caution. A third party relating an accomplice's statement does not add credibility to the suspect testimony.

Failure to instruct the jury on the accomplice witness rule allows the State to call a

third party to testify to the accomplice's statements and avoid the need of corroborating testimony. Such a practice permits the State to do indirectly that which it cannot do directly.

▇▇▇ We hold that other evidence must corroborate out-of-court statements made by a non-testifying accomplice. The evidence shows Bingham to be an accomplice. The trial court erred in failing to charge the jury on the accomplice witness rule and that one accomplice may not corroborate another.

### 3. Harm Analysis
#### a. Applicable Law

▇▇▇ We review an improper accomplice witness jury charge under the *Almanza* harm analysis. *Burns v. State,* 703 S.W.2d 649, 651 (Tex.Crim.App.1985); *see Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (op. on reh'g). If appellant objects to the court's charge, we reverse if the error was "calculated to injure the rights of defendant." *Id.* We require only that *some* harm result from the erroneous charge. *Id.* We consider the degree of harm in light of the entire jury charge, the evidence (including contested issues and weight of probative evidence), counsel's arguments, and any other relevant information revealed by the record of the trial as a whole. *Almanza,* 686 S.W.2d at 171.

In *Burns,* the trial court charged the jury on accomplice as a matter of fact. The Court of Criminal Appeals held that the witness was an accomplice as a matter of law. *Burns,* 703 S.W.2d at 652. Because the jury *could have found* the witness was not an accomplice under the submitted charge, his testimony did not require corroboration. The possibility existed that the conviction resulted from the improper charge. *Id.* Such error resulted in at least *some* harm requiring reversal. *Id.*

#### b. Application of Law to Facts

▇▇▇ Appellant objected to the court's failure to charge the jury that Bingham was an accomplice as a matter of law or submit it as a fact issue. Appellant also specifically requested the court to instruct the jury that one accomplice cannot corroborate another accomplice. The trial court denied all of appellant's requested charges.

Bingham implicated herself in her statements to McCallum, Edwards, and Raleeh. The charge, as given, did not inform appellant's jury of the suspect nature of Bingham's testimony. It allowed the jury to treat Bingham's statements as they would any other evidence. The charge did not require the jury to decide whether other evidence sufficiently corroborated Bingham's statements.

The trial judge submitted a fact issue to the jury on whether McCallum was an accomplice.[4] It permitted the jury to consider McCallum's testimony without corroboration unless it decided as a matter of fact that she was an accomplice. If the jury decided McCallum was an accomplice, then it could have used Bingham's out-of-court statements to corroborate McCallum's testimony. If both Bingham and McCallum were accomplices as a matter of law or the jury found them to be accomplices, the trial court's failure to instruct the jury that one accomplice could not corroborate the other resulted in some harm.

---

**4.** After instructing the jury on accomplice witnesses, the trial court charged as follows:

Now, if you believe from the evidence beyond a reasonable doubt that an offense was committed and you *further believe from the evidence that the witness Peggy McCallum was an accomplice,* or you have a reasonable doubt whether she was or not, as that term is defined in the foregoing instructions, then you cannot convict the defendant upon the testimony of the said Peggy McCallum unless you first believe that the testimony of the said Peggy McCallum is true and that it shows the defendant is guilty as charged in the indictment; and even then you cannot convict the defendant unless you further believe that there is other evidence in the case, *outside the evidence of the said Peggy McCallum* tending to connect the defendant with the commission of the offense charged in the indictment, and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty.

[Emphasis added.]

The State's most incriminating evidence against appellant was McCallum's testimony and Bingham's statements as related through testifying witnesses. The charge impermissibly allowed the jury to convict on the uncorroborated testimony of accomplices. Appellant suffered some harm as a result of the trial court's failure to charge Bingham as an accomplice. We sustain appellant's second point of error.

We reverse the trial court's judgment and remand the cause for new trial.