NOS.
12-05-00012-CR

         
12-05-00055-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MARK ASHLEY WHITE,    §                      APPEALS
FROM THE 294TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      VAN
ZANDT COUNTY, TEXAS

                                                                                                                                                            

MEMORANDUM OPINION

            Mark Ashley
White appeals his convictions for murder and attempted capital murder.  In three issues, Appellant contends the
accomplice testimony was insufficiently corroborated to support his conviction
and the trial court failed to administer an oath to the prospective jurors
before jury selection.  We affirm.

 

Background

            Patrick Greenway and Appellant took
Jon–Marc Brown and Scott McClellen to a pasture in rural Van Zandt County to
kill them.  Appellant wanted to kill
Brown because he believed that Brown had told the police about his
activities.  Greenway wanted to kill
McClellen because he did not like him. 
Appellant and Greenway had concocted a story that Greenway was going to
hire Brown and McClellen to do work for “the mafia” and drove the young men,
along with Brian Cole, to the pasture to discuss the arrangements.  After some discussion, Greenway separated Brown
and McClellen from the group and began shooting at them with a shotgun.  He shot and wounded Brown and shot McClellan
several times.  Brown’s leg was broken,
but he was able to crawl away from the immediate area and hide in some
weeds.  The shotgun held five shells, and
Greenway went back to his truck to reload the shotgun.  Appellant took the reloaded gun and some
additional shells back to where McClellan lay wounded and shot him several more
times.  Brown was hit twice by shotgun
blasts, and McClellan suffered nine shotgun wounds, including shots to his face
and chest.

            Appellant, Greenway, and Cole drove
off and Brown was able to crawl to a neighboring home and seek assistance.  McClellan died in the pasture.  Appellant and the others went to Cole’s house
where they changed clothing and enlisted Dustin English to go back with them to
the pasture to retrieve Greenway’s pager, which he had lost in the fracas.  As they arrived, they saw police lights and
turned around and left.  

            Meanwhile, Clint Pirtle, a
Department of Public Safety Trooper for nineteen years, was nearing the end of
his shift.  He heard a radio report of a
shooting and a directive to be on the lookout for a red pickup truck and a
subject named Greenway.  Trooper Pirtle
carried a telephone directory with him, and he found an address for a “Greenway”
south of Canton.  Coordinating his
position with the shooting near Van, Trooper Pirtle traveled to Ben Wheeler to
intersect anyone fleeing the scene toward the area south of Canton.  Shortly after arriving in Ben Wheeler,
Trooper Pirtle saw a red pickup truck. 
He stopped the truck and discovered Appellant, who was not wearing a
shirt, along with Greenway, Cole, and English. 
Appellant gave Trooper Pirtle an inconsistent and vague account of where
the men had been and where they were going. 
Trooper Pirtle testified that Appellant appeared to be in control of the
situation.

            Trooper Pirtle took the men into
custody.  In the course of the
investigation, the police recovered the pants and shirt Appellant had been
wearing at the time of the shooting. 
Forensic testing revealed McClellan’s blood was on both the pants and
shirt.  A Van Zandt County grand jury
indicted Appellant, Greenway, and Cole for capital murder and attempted capital
murder.[1]  Greenway pleaded guilty to murder and
attempted murder.  Cole pleaded guilty to
manslaughter and aggravated assault. 
Both agreed to testify against Appellant.  Both Greenway and Cole testified that
Greenway fired the first shots at Brown and that Appellant fired the final
shots at McClellan as he lay wounded on the ground.  Greenway testified that it was his and
Appellant’s intent to take the men to the pasture to kill them.

            Brown testified that he was able to
hide in some weeds after Greenway shot him. 
While hiding in the weeds, Brown heard McClellen, his cousin, crying out
in pain, and he saw Appellant circling the area with the shotgun in his
hands.  Brown was able to describe the
pants worn by Appellant. 

            At the conclusion of the trial, the
trial court instructed the jury that they could find Appellant guilty as a
party to the offenses.  The jury found
Appellant guilty of the offenses of murder and attempted capital murder.  The jury assessed punishment at life
imprisonment and a fine of ten thousand dollars for murder and ninety–nine
years of imprisonment and a fine of ten thousand dollars for attempted capital
murder.  This appeal followed.

 

Accomplice
Testimony

            In his first and second issues,
Appellant argues that the evidence does not sufficiently corroborate Patrick
Greenway’s and Brian Cole’s testimony.  

Applicable Law

            A conviction may not be sustained on
the testimony of an accomplice unless there is other evidence “tending to
connect a defendant to the offense committed.” 
Tex. Code Crim. Proc. Ann.
art. 38.14 (Vernon 2005); Simpson v. State, 181 S.W.3d 743, 753
(Tex. App.–Tyler 2005, pet. ref’d).  The
corroborating evidence need not directly connect the defendant to the crime or
be sufficient by itself to establish guilt, but it must do more than merely
show the commission of the offense.  Tex. Code Crim. Proc. Ann. art. 38.14; Vasquez
v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).  The requirement of Article 38.14 is fulfilled
if the combined weight of the nonaccomplice evidence tends to connect the
defendant to the offense.  Cathey
v. State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999).  The corroborating evidence may consist of
circumstantial evidence.  Gosch v.
State, 829 S.W.2d 775, 777 (Tex. Crim. App. 1991).  

            Even apparently insignificant
incriminating circumstances may sometimes afford satisfactory evidence of
corroboration.  Trevino v. State,
991 S.W.2d 849, 852 (Tex. Crim. App. 1999). 
The accused’s mere presence in the company of the accomplice before,
during, and after the commission of the offense is insufficient by itself to
corroborate accomplice testimony.  Dowthitt
v. State, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996).  Evidence of such presence, however, coupled
with other suspicious circumstances, may tend to connect the accused to the
offense.  Id.  Finally, evidence that connects an accused to
a weapon used in an offense is proper corroborative evidence.  Jackson v. State, 745 S.W.2d 4,
13 (Tex. Crim. App. 1988). 

            To evaluate whether there is
sufficient corroborating evidence, we eliminate the accomplice testimony from
our consideration and examine the record to ascertain whether the remaining
evidence tends to connect the defendant with the offense.  McDuff v. State, 939 S.W.2d
607, 612 (Tex. Crim. App. 1997).  The accomplice
witness rule is a statutorily imposed sufficiency review and is not derived
from federal or state constitutional principles that define the legal and
factual sufficiency standards.  Vasquez,
67 S.W.3d at 236.

Analysis

            Greenway and Cole were accomplices
as a matter of law because they were indicted for the same offenses as
Appellant.  See Burns v.
State, 703 S.W.2d 649, 651 (Tex. Crim. App. 1985).  The evidence, other than the testimony of the
accomplices, that tended to connect Appellant to the offense is as follows:

 

                1)            Appellant was present during the
commission of the offenses;

 

                2)            Appellant possessed the shotgun used
in the shootings immediately after Brown was shot and appeared to be
cooperating with or leading the efforts to find and to kill the two wounded
men;

 

                3)            Appellant assisted with and
participated in efforts to recover a pager lost near the location of the
shootings;

 

                4)            Appellant lied to the police about
where he had been and where he was going when he was stopped;

 

                5)            Appellant was driving the vehicle
away from the scene of the shooting; and

 

                6)            McClellen’s blood was found on
Appellant’s shirt and pants.

 

 

            We have considered Appellant’s
argument that the shirt and pants may not have belonged to him.  Nevertheless, the jury could have reasonably
concluded he was wearing the shirt and pants identified as his when McClellan
and Brown were shot.  The two items were
found in a home Appellant visited shortly after the shooting, and the pants had
a stripe down the side, similar to a stripe described by Brown.  Furthermore, Brown identified three people at
the pasture, besides himself and McClellan. 
The pants with the stripe were one of three pairs of pants recovered
with McClellan’s blood on them.  The
other pants were identified as belonging to Greenway and Cole.  Finally, Appellant was not wearing a shirt
when he was arrested.  The evidence,
especially when considered in light of Brown’s testimony, is sufficient for the
jury to conclude that Appellant had been wearing the pants with the stripe when
McClellan was shot.

            The nonaccomplice evidence places
Appellant at the scene, puts the shotgun in his hand and the blood of the
deceased on his clothing, and connects him to the activities immediately before
and after the shootings.  This evidence
is sufficient to connect Appellant to the murder and attempted capital murder
and to corroborate the testimony of the accomplices.  Tex.
Code Crim. Proc. Ann. art. 38.14. 
Appellant’s first and second issues are overruled.

 

Administration of
Oath to Prospective Jurors

            Appellant noted that the record did
not show that the prospective jurors had been administered an oath as required
by Texas law.  See Tex. Code Crim. Proc. Ann. art. 35.02
(Vernon 2005).  After Appellant filed his
brief, the State requested that an additional portion of the record be prepared
for our review.  The court reporter
prepared a supplemental record, which contains the qualification of the jury venire
for this case.  We have reviewed the
supplemental reporter’s record and are satisfied that the oath required by
Article 35.02 was administered to the panel of prospective jurors before jury
selection began.  Appellant’s third issue
is overruled.

 

Disposition

            The judgment of the trial court is affirmed.

                                                                                                    DIANE DEVASTO   

                                                                                                                 Justice

Opinion delivered 24, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

(DO
NOT PUBLISH)











[1] The capital murder
charge was based on Greenway’s initial statement to the police that the killing
was a murder for hire.  The attempted
capital murder, as charged in the indictment, did not specify why the attempted
capital murder was “capital.”  The State
abandoned the murder for hire allegation and proceeded on the charges of murder
and attempted capital murder.  The jury
was instructed that a person commits capital murder if he commits murder and
murders more than one person during the same transaction.