# NO. 12-07-00254-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RUSTY WAYNE HORTON,* *APPELLANT* | § | *APPEAL FROM THE 1ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SABINE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Rusty Wayne Horton appeals his conviction for murder. In three issues, Appellant argues that the evidence is insufficient to corroborate the testimony of an accomplice and that the trial court erred in overruling his objections to certain evidence. We affirm.

## BACKGROUND

In September 2006, sheriff's deputies and firefighters were dispatched to a fire at the trailer of Fred Boyce Easter. The trailer was seriously damaged by the fire, and the authorities found Easter's badly burned body inside the trailer. Easter was dead, and his body had several knife wounds to the front and the back of his torso.

Sheriff's deputy Sergeant James Blackwell received a tip that Appellant was involved in Easter's murder. The day after the murder, he found Appellant and Leon Alex at Appellant's home, and he found Easter's truck in Appellant's neighborhood. Blackwell interviewed Appellant while Texas Ranger Daniel Young interviewed Alex. Appellant told Blackwell that he had been drinking with Easter the day of the murder and that he and "Pee Wee," a nickname for Leon Alex, had left for Louisiana that afternoon and gone to a bar. Alex initially gave a similar story but eventually told the

authorities that he had witnessed Appellant stab Easter.

The authorities recovered bloody clothes that the men had been wearing the day Easter was killed and were able to corroborate that the two men had gone to a bar in Louisiana the day of the murder. The DNA from the blood on Appellant's clothes was matched to Easter.

A Sabine County grand jury indicted Appellant for the capital murder of Fred Easter, alleging that he murdered Easter by stabbing him in the course of committing a robbery. Alex was also indicted. He pleaded guilty and received a twenty-five year prison sentence. Alex testified at Appellant's trial that Appellant stabbed Easter and then went back into the trailer with a big red jug. Alex testified that Appellant returned to the truck and that he saw flames and smoke coming from the trailer as they drove away. The jury found Appellant guilty of the lesser offense of murder and assessed punishment at sixty years of imprisonment. This appeal followed.

### ACCOMPLICE TESTIMONY

In his first issue, Appellant argues that he must be acquitted because the accomplice testimony is not sufficiently corroborated by other evidence.

### Applicable Law

A conviction may not be sustained on the testimony of an accomplice unless there is other evidence "tending to connect a defendant to the offense committed." TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005); *Simpson v. State*, 181 S.W.3d 743, 753 (Tex. App.–Tyler 2005, pet. ref'd). The corroborating evidence need not directly connect the defendant to the crime or be sufficient by itself to establish guilt, but it must do more than merely show the commission of the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14; *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). The requirement of article 38.14 is fulfilled if the combined weight of the nonaccomplice evidence tends to connect the defendant to the offense. *Cathey v. State*, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999). The corroborating evidence may consist of circumstantial evidence, *Gosch v. State*, 829 S.W.2d 775, 777 (Tex. Crim. App. 1991), and even apparently insignificant incriminating circumstances may be satisfactory corroborating evidence. *Trevino v. State*, 991 S.W.2d 849, 852 (Tex. Crim. App. 1999).

To evaluate whether there is sufficient corroborating evidence, we eliminate the accomplice

testimony from our consideration and examine the record to ascertain whether the remaining evidence tends to connect the defendant with the offense. *McDuff v. State*, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997). The accomplice witness rule is a statutorily imposed sufficiency review and is not derived from federal or state constitutional principles that define the legal and factual sufficiency standards. *Vasquez*, 67 S.W.3d at 236.

## Analysis

Leon Alex was Appellant's accomplice as a matter of law because he was indicted for the same offense. *See Burns v. State*, 703 S.W.2d 649, 651 (Tex. Crim. App. 1985). The evidence, other than the testimony of Alex, that tends to connect Appellant to the offense is as follows:

1) Appellant admitted to the police that he was present at Easter's house the day Easter was killed.

2) Appellant admitted to a reporter that he was at Easter's house shortly after, in his version of events, Leon Alex stabbed Easter.

3) Easter's truck was found in the vicinity of Appellant's home, and Appellant admitted driving the truck to Louisiana at a time that would have been after the murder.

4) An analysis of DNA recovered from Appellant's clothing showed a mixture of Appellant's and Easter's DNA.

5) Some of Appellant's clothing had been discarded by the side of the road, and he had placed his pants in the washing machine at his house. Appellant was not forthright at first with the authorities about which clothing he had been wearing the day of the murder.

6) Other nonaccomplice witnesses corroborated that Appellant went to a bar in Louisiana. While at the bar, Appellant tried to use a debit card but declined to attempt to use it when told a PIN was necessary.

7) An inmate who was housed with Appellant prior to trial said that Appellant threatened that he would "kill [him] just like he did that old [man]."

Mere presence at the scene of the crime is not sufficient to corroborate accomplice testimony, but it may tend to connect the accused to the crime when coupled with other suspicious circumstances. *See Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). In *Brown v. State*, No. AP-75,294, 2008 Tex. Crim. App. LEXIS 852, at **6–8 (Tex. Crim. App. Sept. 24, 2008), for example, evidence including witness statements, the defendant's unusual conduct, and the

defendant's admission that he was present at the scene of the offense was sufficient to corroborate accomplice testimony that the defendant had committed a murder.

We view the evidence in the light most favorable to the jury's verdict. *See Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994). In that light, the evidence in this case goes beyond simply placing Appellant at the scene of the offense. He had Easter's blood on his clothing, gave the authorities incomplete information, and made an admission to a fellow inmate. This nonaccomplice evidence tends to connect Appellant to the crime. Accordingly, we overrule Appellant's first issue.

## RIGHT TO COUNSEL

In his second issue, Appellant argues that the trial court erred in allowing the jury to hear that he had invoked his right to counsel and his right to remain silent after being read his rights.

**Facts**

Deputy Blackwell testified that he interviewed Appellant, and he authenticated a statement that Appellant wrote during the interview. Appellant wrote his statement on a preprinted form that included a section advising him, among other things, that he had the right to have a lawyer appointed to advise him prior to and during questioning. By marking in the appropriate place on the form, Appellant acknowledged that he was waiving his right to a lawyer before or during questioning.

The State asked Blackwell why Appellant did not write more in his statement. Appellant's counsel objected on the grounds that he anticipated the answer to the question would be that Appellant "exercised his right to request a lawyer" and that such evidence should not be admitted. The trial court overruled the objection, and Blackwell testified that Appellant said "he wouldn't say anything else until he had a lawyer."

**Applicable Law and Analysis**

Appellant did not preserve his present complaint that the trial court erred by allowing testimony about his invocation of his right to remain silent. To preserve a complaint for appellate review the party must make a timely request, objection, or motion stating the grounds of the objection with sufficient specificity that the trial court is aware of the complaint. TEX. R. APP. P. 33.1(a). An objection to a comment on postarrest silence must be made at the time the evidence is offered. *See Wheatfall v. State*, 882 S.W.2d 829, 836 (Tex. Crim. App. 1994). Appellant did not object to the

4

evidence on the grounds that the jury should not hear that he had invoked his right to remain silent, and so that complaint is not preserved for appellate review. *Id.*

Appellant did object to the admission of his invocation of his right to counsel. Such evidence is inadmissible if the person is under arrest or has been given *Miranda*[1] warnings. *See Doyle v. State*, 426 U.S. 610, 618, n.9, 96 S. Ct. 2240, 2245, n.9, 49 L. Ed. 2d 91 (1976); *Griffith v. State*, 55 S.W.3d 598, 605–06 (Tex. Crim. App. 2001) ("We therefore hold that evidence of one's invocation of the right to counsel is inadmissible as evidence of guilt."); *Hardie v. State*, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.38 (Vernon 2005) ("Evidence that a person has contacted or retained an attorney is not admissible on the issue of whether the person committed a criminal offense.").

However, the erroneous admission of evidence is harmless when the same evidence is admitted elsewhere in the trial. *See Saldano v. State*, 232 S.W.3d 77, 102 (Tex. Crim. App. 2007) (citing *Leday v. State*, 983 S.W.2d 713, 717–18 (Tex. Crim. App. 1998)). In this case, Appellant caused the same evidence to be admitted in the trial. While cross examining Ranger Young, Appellant asked the following questions:

> Q:     He says he wants to talk to a lawyer, and you think he's a murderer because of that?
>
> . . . .
>
> Q:     . . . he says he wants to see a lawyer, and that makes him guilty in your eyes?

These questions reintroduced, as an implicit answer to the questions asked, the fact that Appellant had invoked his right to counsel. Appellant also introduced part of an article that contained an interview with him. In the interview, Appellant says that the deputy brought Alex's statement in to him and that Appellant read some of the statement and "told him that I wanted to see an attorney, a lawyer." Portions of the article were redacted, but Appellant did not seek to redact the reference in the article to his invocation of his right to counsel. Accordingly, any error admitting evidence that Appellant had invoked his right to counsel is harmless because Appellant introduced the same evidence. We overrule Appellant's second issue.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

In his third issue, Appellant argues that the trial court erred in allowing the State to call a witness who had been in the courtroom during Appellant's presentation of his case in chief.

**Facts**

At the outset of trial, the trial court ordered that witnesses be sequestered pursuant to Texas Rule of Evidence 614. Annette Horton is Appellant's aunt, and she testified during the State's case in chief that Appellant had called her several times from Easter's house the day Easter was killed. Horton remained in the courtroom after her testimony and was present during the testimony of Appellant's expert witness, Cam Cope. During Cope's testimony, the trial court noticed that Horton was in the courtroom and instructed that she be told that she was still under "the Rule."

Cope testified that the fire in the trailer was not started using accelerant, which was the State's theory, but that it may have been started by a short circuit in the air conditioner located on the roof of Easter's trailer. Horton was called as a rebuttal witness by the State. Appellant objected to her being called as a witness because she had violated "the Rule." The trial court overruled Appellant's objection. Horton testified that Easter did not use the roof air conditioner, that it did not work and was not connected to electricity, and that Easter cooled his home with a window air conditioner.

**Applicable Law**

If requested by a party, the trial court must order witnesses to be excluded from the courtroom during the testimony of other witnesses. TEX. R. EVID. 614. This is called "the Rule." *See Routier v. State*, 112 S.W.3d 554, 590 (Tex. Crim. App. 2003). The purpose of placing witnesses under the "the Rule" is to prevent the testimony of one witness from influencing the testimony of another, consciously or not. *Russell v. State*, 155 S.W.3d 176, 179 (Tex. Crim. App. 2005).

Rule 614 does not provide a remedy for a violation, but a trial court may disqualify a witness who violates the court's order. *Routier*, 112 S.W.3d at 590. We review the trial court's ruling on the exclusion of witnesses for an abuse of discretion. *Valdez v. State*, 776 S.W.2d 162, 170 (Tex. Crim. App. 1989). Review of the violation depends in part on the type of witness. Witnesses who were listed or sworn as witnesses are reviewed under a higher standard, and an abuse of discretion is shown if the witness heard the testimony of another witness and his testimony contradicts the testimony he heard. *See Guerra v. State*, 771 S.W.2d 453, 474–75 (Tex. Crim. App. 1988). By contrast, a person

who has no connection with the case in chief of either party and is not expected to be a witness can be permitted, in the court's discretion, to testify even if the witness has heard testimony that is relevant to her own testimony. *Id.* at 476. Any error by the trial court in applying rule 614 is nonconstitutional error and is to be disregarded unless it affected the appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Russell*, 55 S.W.3d at 181.

**Analysis**

The State argues that Horton falls into the second category of witness, a person not expected to testify. This is not strictly accurate; Horton had been sworn and had testified as a witness. The argument has some persuasive elements, however, because it appears that the parties treated her as a person not expected to testify further. Appellant's counsel had noticed that Horton had remained in the courtroom. The trial court asked counsel why he had not brought Horton's presence to the court's attention. Counsel responded, "Truthfully, Judge, I don't know that it's my job, first of all. And, second of all, I thought she'd been excused." Following that exchange, the trial court ruled that Horton could testify.

If the trial court concluded that, by the conduct of the parties, Horton was in the procedural posture of a person not expected to testify, the ruling can be upheld on that basis as within the trial court's discretion. If Horton must be considered a listed or sworn witness, we cannot conclude that Appellant's substantial rights were affected. Horton testified that the rooftop air conditioner was not hooked up to electricity. This contradicted, at least partially, the expert's testimony, given in her presence, that he thought "that the air-conditioning unit was probably running before or during the fire for some period of time."

But this issue was not central to the important disputed issues in the case. Appellant was charged with capital murder. As relevant here, murder may be a capital murder if the assailant commits it in the course of committing a robbery or an arson. *See* TEX. PENAL CODE ANN. § 19.03(a)(2) (Vernon Supp. 2008). The jury was instructed that it was to find Appellant guilty of capital murder if it found that he murdered Easter in the course of a robbery, not an arson. The State did argue that the jury could find Appellant guilty of capital murder if he committed the murder in the course of committing an arson, but the jury acquitted Appellant of capital murder. As the offense was charged, whether Appellant committed an arson was a collateral matter, not an element

of the offense.  And even if the jury accepted the State's position that it could find Appellant guilty of capital murder for committing the murder in the course of committing an arson, it did not find that the evidence was sufficient to show an arson.  Therefore, the issue of whether Appellant committed an arson was not, in the end, an important part of the trial, and Appellant's substantial rights were not affected.  Accordingly, we overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the judgment of the trial court.

SAM GRIFFITH
Justice

Opinion delivered January 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)