NO. 07-10-00443-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 29, 2011

GARY DALE PHELPS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 62,053-D; HONORABLE DOUG WOODBURN, JUDGE

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant, Gary Dale Phelps, appeals his conviction for the offense of aggravated assault with a deadly weapon[2] and subsequent sentence of confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) of four years and a fine of $500. Appellant contends that he was denied effective assistance of counsel and that the trial court committed reversible error in failing to admonish him

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2] See TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

regarding his rights against self-incrimination under the 5th Amendment to the United States Constitution prior to his testimony at trial.  We affirm.

Factual and Procedural Background[3]

On November 12, 2009, Monte Phillips observed a blue Ford pick-up dumping what appeared to be construction debris on a private road in Potter County.  Phillips realized that the trash was being dumped on the road that belonged to his neighbor, Jamie Macrander, so he phoned Macrander and advised what was occurring.  After Phillips phoned Macrander, Phillips went outside and started approaching the pick-up while trying to get the attention of the male who was dumping the trash.  At the same time, Macrander came out of his house and started toward the road.

After being alerted that his dumping activities had been observed, the male got back in the truck and turned around to leave.  Phillips was able to obtain the license plate number of the truck as it left the scene.  At the same time, Macrander went into the road and tried to stop the vehicle from leaving.  While standing in the road holding his hand up in an effort to advise the driver to stop, Macrander realized that the truck was not slowing down and was headed directly at him.  Macrander was able to avoid being hit by the truck by jumping to the side of the road.  He also copied the license plate number down and called 911 to report the incident.

Potter County deputies were sent to the scene and, later that night, located a blue Ford pick-up truck with the reported license plate number at a residence in

[3] Appellant does not challenge the sufficiency of the evidence to support his conviction and sentence, therefore, only those portions of the record relevant to his issues will be recited.

Amarillo. The deputies who located the truck talked to the two people at the residence about the trash dumping incident. Appellant was one of the two people at the house and advised the deputies that he had been working removing trash from a construction site in Amarillo that day but that he did not dump any trash at the scene. Appellant did advise the deputies that he had hired two day laborers who were driving his truck and that, if they had in fact dumped trash illegally, he would be willing to go clean up the site.

After visiting with appellant, the deputies took pictures of appellant and the other person at the house and went back to the Macrander residence to show the pictures to Phillips and Macrander. Both Phillips and Macrander identified appellant as the male who was dumping the trash and driving the truck when it nearly ran over Macrander.

Appellant was subsequently indicted for aggravated assault with a deadly weapon. During the trial, appellant testified in his own defense. Prior to getting into the facts of the case, appellant's trial counsel elicited a response from appellant affirming that he had in fact been convicted of a prior felony. The defense presented an alibi defense tending to show that the Ford pick-up involved in the incident was being driven by the two day laborers that appellant had hired. At the conclusion of the testimony and after having prepared a proposed charge, the trial court inquired as to whether the State or appellant had any objections. Neither State nor appellant requested the submission of any lesser-included charges. The jury then returned a verdict of guilty against appellant.

Appellant had elected to go to the trial court for punishment. During his testimony on punishment, his counsel first attempted to ask questions regarding whether appellant was familiar with and could abide by the terms and conditions of probation. At that point, the State pointed out that, under the laws of the State of Texas, appellant could not receive probation from the trial court for the offense for which he was convicted.[4] The trial court subsequently sentenced appellant to a term of confinement in the ID-TDCJ of four years and assessed a fine of $500. This appeal followed appellant's conviction.

Appellant brings forth two issues. First, he alleges that trial counsel provided ineffective assistance in four particulars: 1) the failure of trial counsel to understand the law regarding punishment; 2) the failure of trial counsel to request a charge on a lesser-included offense; 3) trial counsel's introduction of evidence of appellant's prior conviction; and 4) the failure of trial counsel to object when the State introduced the same prejudicial evidence of the prior conviction during the guilt innocence phase of the trial. Second, appellant contends that the trial court committed reversible error by not admonishing appellant regarding his right against self-incrimination prior to appellant's testifying during the guilt innocence phase of the trial. We disagree with appellant's contentions and will affirm.

---

[4] See TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2) (West Supp. 2010).

Ineffective Assistance of Counsel

Standard of Review

In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts apply the two-pronged test enunciated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). Judicial review of an ineffective assistance of counsel claim must be highly deferential, and there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. An appellant bears the burden of proving by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the appellant. Freeman v. State, 125 S.W.3d 505, 511 (Tex.Crim.App. 2003). Failure to make the required showing of either deficient performance or sufficient prejudice is fatal to an ineffectiveness claim. See id. Reviewing courts "commonly assume a strategic motive if any can be imagined" and will conclude that counsel's performance was "deficient only if the conduct was so outrageous that no competent attorney would have engaged in it." Andrews v. State, 159 S.W.3d 98, 101 (Tex.Crim.App. 2005).

Analysis

Appellant contends that there are four separate events of ineffective assistance of counsel. We will address each as they allegedly occurred during the trial.

<u>Prior Felony Conviction</u>

We first address appellant's allegation of ineffective assistance during the guilt innocence phase of the trial. Both of these allegations concern appellant's conviction for a prior felony offense. When appellant was called as a witness, the first area of inquiry made by trial counsel concerned the fact that appellant had been convicted of a prior felony offense. According to appellant, this inquiry into his prior conviction was an act of ineffective assistance. Appellant also contends that, when the State questioned him about it during cross-examination, his trial counsel was ineffective because he failed to object to this inquiry.

Our initial inquiry addresses the question of whether the introduction of this testimony fell below an objective standard of reasonableness. <u>See</u> <u>Freeman</u>, 125 S.W.3d at 511. Trial counsel can, as a strategic decision, decide to blunt the effect of a prior conviction by discussing the matter with his client on direct examination. <u>See</u> <u>Martin v. State</u>, 265 S.W.3d 435, 443 (Tex.App.—Houston [1st Dist.] 2007, no pet). However, this decision is only viable if the prior convictions are otherwise admissible. <u>See</u> <u>Robertson v. State</u>, 187 S.W.3d 475, 484-85 (Tex.Crim.App. 2006). The question of admissibility is decided under the guidance of the Texas Rules of Evidence and cases interpreting the rules of evidence. <u>See</u> TEX. R. EVID. 609;[5] <u>Theus v. State</u>, 845 S.W.2d 874, 880 (Tex.Crim.App. 1992).

---

[5] Further reference to the Texas Rules of Evidence shall be by reference to "Rule ___" or "rule ___."

Rule 609 provides in pertinent part:

> General Rule. For the purposes of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value admitting this evidence outweighs its prejudicial effect to a party.

The Theus case provides guidance in determining when such evidence is admissible. See Theus, 845 S.W.2d at 880. Under this analysis, we examine five factors in determining the probative value of the prior conviction as opposed to its prejudicial effect: 1) the impeachment value of the prior conviction; 2) the temporal proximity of the prior conviction; 3) the similarity between the past conviction and the offense being prosecuted; 4) the importance of the appellant's testimony; and 5) the importance of the credibility issue. Id.

The prior offense was a felony and, as such, met the first requirement of Rule 609. The prior offense was a forgery which has been held to be a crime of deception and, therefore, of relative high impeachment value. See Denman v. State, 193 S.W.3d 129, 136 (Tex.App—Houston [1st Dist.] 2006, pet. ref'd). At the time the prior offense evidence was presented, the time span between the forgery and the trial was approximately five years. This span has been previously held to be temporally proximate for purposes of this analysis. See Theus, 845 S.W.2d at 881. The previous conviction and the current case are not similar, and, under the Theus analysis, this dissimilarity is consistent with admissibility. Id. at 880-81. The only Theus factor that seems to militate against admissibility is the fact that appellant's defense did not rely only on his testimony. Id. In fact, appellant had a number of additional witnesses that

testified as to his alibi. However, in light of the two eyewitnesses that identified appellant at the scene, the credibility of appellant's testimony was critical. This element would suggest that the prior offense should be admitted under the Theus analysis. Therefore, we are left with the conclusion that the evidence of appellant's prior conviction was admissible in the trial of the case. Accordingly, the strategic decision of trial counsel to blunt the impact of this evidence by introducing it on direct examination was a valid trial decision of counsel. See Robertson, 187 S.W.3d at 485. Therefore, trial counsel's action in this regard did not fall below an objective standard of reasonableness. See Freeman, 125 S.W.3d at 511.

The same reasoning applies to appellant's additional complaint about the failure of trial counsel to object when the State on cross-examination proved up the prior conviction by introduction of State's exhibit 22. The failure of trial counsel to object to admissible evidence is not ineffective assistance of counsel. See McFarland v. State, 845 S.W.2d 824, 846 (Tex.Crim.App. 1992) (en banc), overruled on other grounds, Bingham v. State, 915 S.W.2d 9, (Tex.Crim.App. 1994). As mentioned in the preceding paragraph, trial counsel's action in not objecting to the introduction of the exhibit during cross-examination did not fall below an objective standard of reasonableness. See Id.

Failure to Request Lesser-Included Charge

Appellant next contends that trial counsel was ineffective when he did not request the inclusion in the Court's Charge to the jury a lesser-included charge. Appellant cites the Court to a number of cases that indicate that there are at least two lesser-included offenses to the offense for which appellant was being tried. The fact

8

that there are lesser-included charges possible does not *ipso facto* dictate that a failure to request one is an act of an ineffective counsel.

It is instructive that appellant and his trial counsel discussed their collective decision not to seek a lesser-included charge while appellant was testifying during punishment. When asked if they decided to go all or nothing by not requesting a lesser-included charge, appellant answered in the affirmative. A decision not to request the lesser-included charge when made as part of trial strategy has been held not to be an act of ineffective assistance of counsel. See Fife v. State, No. 07-02-00410-CR, 2004 Tex. App. LEXIS 4994, at *13-14 (Tex.App.—Amarillo 2004, no pet.) (not designated for publication) (citing Wood v. State, 4 S.W.3d 85, 87 (Tex.App.—Fort Worth 1999, pet. ref'd)). Accordingly, we conclude that this was a matter of trial strategy. Appellant's argument is prefaced on the conclusion that, had a lesser-included charge been requested and given, then the jury would have found appellant guilty of only the lesser-included offense. This is nothing more or less than speculation and, in the face of a trial strategy decision, we are not convinced that appellant would have forgone his all or nothing approach under any circumstances. Therefore, as to his assertion regarding the lesser-included offense issue, appellant has not met his burden of proof in an ineffective assistance claim. See Freeman, 125 S.W.3d at 511. Therefore, appellant's claim of ineffective assistance of counsel, as it pertains to the lesser-included offense issue, is overruled.

Failure to Know the Law Relating to Punishment

Appellant's last issue regarding trial counsel's performance contends that, "counsel's fundamental lack of knowledge and/or misinterpretation of the law regarding Texas criminal sentencing law was deficient and fell below an objective reasonable standard of representation." Two facts are apparent from the record: 1) appellant was not eligible for probation from a jury because of his prior felony conviction; and 2) the offense for which appellant was indicted was a "3g" offense that, by statute, did not permit the trial judge to grant a probation. See TEX. CODE OF CRIM. PROC. ANN. art. 42.12 § 3g(a)(2). That trial counsel is charged with knowledge of the applicable law is beyond question. See Ex parte Welch, 981 S.W.2d 183, 185 (Tex.Crim.App. 1998) (trial counsel's misunderstanding of the law constituted ineffective assistance of counsel). Appellant refers the Court to Aldrich v. State for the proposition that counsel's lack of understanding of the basic principles of the law applicable to him is deficient performance under the first prong of Strickland. See Aldrich v. State, 296 S.W.3d 225, 242 (Tex.App.—Fort Worth 2009, pet. ref'd).

However, we must disagree with appellant's contention that the record before us demonstrates that appellant would have made a different decision had he been accurately informed of the law relating to probation. The record is silent on that point and, because of this silence, we are asked to speculate that appellant would, in fact, have elected to do something differently. Such speculation is not how deficient performance is to be determined. See Freeman, 125 S.W.3d at 511.

10

Additionally, we see nothing in the record to demonstrate appellant has been harmed even if we found that trial counsel's performance was deficient. Appellant was not eligible for probation from the jury; therefore, he elected to go the judge for punishment. The fact that the judge could not grant probation did not cast harm on appellant, for to decide otherwise would mean we must infer that the jury either could grant probation or would have given a shorter sentence. We know that the jury could not grant probation, and speculation about a shorter sentence is just that: speculation. Appellant has not carried his burden to demonstrate harm. See id. Finally, the record reflects that appellant received a sentence of four years confinement on a second-degree felony that carried a possible punishment of up to 20 years confinement. See TEX. PENAL CODE ANN. § 12.33 (West 2011). Therefore, we decline to find trial counsel's action regarding sentencing to be ineffective.

Having considered all allegations of ineffective assistance of counsel and having determined that in none of the instances was trial counsel ineffective, we overrule appellant's first issue.

Failure to Admonish Appellant of the Right Against Self-Incrimination

Appellant's final issue contends that, because the record is devoid of any admonition regarding the right against self-incrimination and because appellant did testify, the trial court must have committed reversible error. However, such a proposition ignores existing case law that has determined that the trial court has no duty to admonish a defendant of his right against self-incrimination when he is represented by counsel. See Johnson v. State, 169 S.W.3d 223, 235 (Tex.Crim.App. 2005). We are

11

not disposed to depart from this well-established precedent by placing that burden upon the trial court.  Accordingly, appellant's second issue is overruled.

## Conclusion

Having overruled appellant's issues, the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice


Do not publish.