**Affirmed and Memorandum Opinion filed May 14, 2024**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00112-CR

---

### BYRON HARRIS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1660494**

---

## M E M O R A N D U M   O P I N I O N

A jury found appellant Byron Harris guilty of murder and assessed punishment at sixty years confinement in the Texas Department of Criminal Justice—Institutional Division. In a single issue, appellant contends that he received ineffective assistance of counsel with regard to the introduction of evidence of an extraneous crime during the punishment phase of trial. We affirm.

### Background

At approximately 12:30 AM, Yeny Ramos, her husband Roberto, and their

children returned home from a trip to Galveston where they rode off-road vehicles. Yeny went inside to care for one of their children who was sick, while Roberto was in the garage securing the off-road vehicles. Yeny heard a noise in the garage, retrieved Roberto's gun, and went into the garage. There she found Roberto on the garage floor bleeding. Roberto later died as a result of a gunshot wound.

Yeny went to a neighbor's home, seeking help. The neighbor, Ariel Salene, called 911 and rushed to Roberto's side. He saw that Roberto was bleeding and applied pressure to the wound. Ariel noticed Roberto was holding a gun and moved it to the side. Roberto stated, "a black man shot me."

Across the street from the Ramos home, a young neighbor, 12 or 13 years old, heard what sounded like arguing outside. When she looked outside, she testified to seeing "Robert" and another man close to one another on the lawn arguing. She testified that the other man ran away while "Robert" held his hands over his stomach before collapsing and dragging himself to the garage.

A baseball cap was found on the ground near Roberto's trailer. Subsequent testing on the cap linked DNA in the cap to appellant. Appellant stated that he was at the scene and that he owed Roberto money but could not pay the full amount. The men began wrestling and Roberto was shot.

While appellant was charged with capital murder, the court granted the State's request to submit the lesser-included charge of murder to the jury. The jury convicted appellant of murder.

During punishment phase, appellant stipulated that he was previously convicted of several offenses. The State also presented evidence of an unadjudicated extraneous offense of sexual assault committed in 2011. Appellant was charged with sexual assault, but the grand jury declined to indict. The court

2

sentenced appellant to sixty years in prison.

## Analysis

### A.    Standard of Review and Applicable Law

We examine claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, appellant must establish that his trial counsel's representation was deficient, and that the deficient performance was so serious that it deprived him of a fair trial. *Id.* at 687. Counsel's representation is deficient if it falls below an objective standard of reasonableness. *Id.* at 688. This deficiency will only deprive appellant of a fair trial when counsel's performance prejudices appellant's defense. *Id.* at 691–92. To demonstrate prejudice, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697.

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test because the record on direct appeal is underdeveloped and does not adequately

reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[I]solated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994). "It is not sufficient that the appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata*, 226 S.W.3d at 430. Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that counsel's errors were so serious that he was not functioning as counsel. *See Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

## B.     Application

In his sole issue, appellant contends that he received ineffective assistance of counsel by his counsel not objecting during the punishment phase of trial to the introduction of evidence that implicated appellant in a sexual assault. Appellant contends this evidence was inadmissible as irrelevant and there is a reasonable probability he would have received a lesser sentence but for his counsel's omission.

In this case, appellant did not file a motion for new trial alleging ineffective assistance of counsel or develop a record of counsel's reasons for his actions.

Therefore, in addressing counsel's alleged ineffectiveness, the record is silent as to counsel's strategy.

The failure to object to the introduction of potentially inadmissible evidence is not sufficient, in itself, to constitute deficient performance. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (holding presumption of strategy not rebutted when record was "silent as to why appellant's trial counsel failed to object to the State's persistent attempts to elicit inadmissible hearsay"). Plausible professional reasons exist for not objecting to evidence of extraneous criminal acts. There may have been strategic reasons for not objecting in these instances, but we may not speculate on counsel's motives in the face of a silent record. *See id.*; *see also Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (declining to speculate on various failures to object to admission of evidence).

If trial counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, we will typically defer to counsel's decisions and deny relief on an ineffective assistance claim. *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007). "'It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence.'" *Lopez v. State*, 343 S.W.3d 137, 142–43 (Tex. Crim. App. 2011) (quoting *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007)). Absent a record sufficient to demonstrate that trial counsel's conduct was not the product of a strategic or tactical decision, we should presume that trial counsel's performance was constitutionally adequate "unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *State v. Morales*, 253 S.W.3d 686, 696–97 (Tex. Crim. App. 2008) (quoting *Goodspeed*, 187 S.W.3d at 390).

## Conclusion

Having overruled appellant's issue on appeal we affirm the trial court's judgment.

/s/     Jerry Zimmerer
Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b)